JAMES B. POGUE, Trustee, Plaintiff in Error, vs. W. H. L. ROWE, Constable, Defendant in Error.

*Opinion filed October 26, 1908.*

1. CONSTITUTIONAL LAW—*Bulk Sales act of 1905 is unconstitutional.* The Bulk Sales act of 1905 (Laws of 1905, p. 284,) is in violation of the constitution. (*Off* v. *Morehead*, 235 Ill. 40, followed.)

2. INSOLVENCY—*debtor may make common law assignment for benefit of creditors.* While the National Bankruptcy act of 1898 has suspended the Illinois statute concerning voluntary assignments, a debtor may nevertheless make a common law assignment for the benefit of his creditors, which is valid so far as the statutes of Illinois are concerned, and the assignment passes title to the trustee, who may maintain replevin against a constable taking the goods from his possession on a subsequent judgment.

3. REPLEVIN—*when a suit may be maintained without demand.* A trustee, under a common law assignment for the benefit of creditors, from whose possession the property is taken by a constable levying an execution under a judgment recovered after the assignment took place, may maintain replevin without first making a demand upon the constable for a return of the property.

WRIT OF ERROR to the County Court of DeKalb county; the Hon. W. L. POND, Judge, presiding.

In 1906 John Clausen was a merchant in DeKalb county, owning a stock of merchandise and some other personal property. He was insolvent. He made a common law assignment to J. B. Pogue for the benefit of his creditors, and Pogue took possession of the stock of merchandise and the other property and proceeded to administer the trust. The Rock Island Plow Company was one of the creditors. It secured a judgment against Clausen, after Pogue had taken possession, for the sum of $131. An execution issued on that judgment to the defendant in error, who is a constable, and by virtue of that execution a levy was made upon a portion of the merchandise in Pogue's possession. Thereupon Pogue sued out a writ of replevin from a jus-

tice's court and regained possession of the goods. Upon a trial before the justice there was a judgment in favor of the constable. Pogue appealed to the county court of DeKalb county. A jury was empaneled and the evidence taken, when by agreement of the parties the jury was discharged and the cause was submitted for determination by the court. Propositions of law were tendered by both parties and passed upon by the court. Judgment was entered in favor of the constable. The constitutionality of the so-called "Bulk Sales act" was involved, and Pogue has sued out of this court a writ of error to review the judgment of the county court, and contends that the court erred in passing upon the propositions of law submitted. The only brief on file is that of plaintiff in error.

FAISSLER & COCHRAN, (GEORGE W. DUNTON, of counsel,) for plaintiff in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

When the property was transferred to Pogue there was no attempt to comply with the so-called "Bulk Sales act." (Laws of 1905, p. 284.) The court held the transfer to Pogue to be void on account of this non-compliance. This view is erroneous. That act is unconstitutional. We have so held since this case was tried in the county court. *Off v. Morehead,* 235 Ill. 40.

The court also held that, irrespective of that statute, Pogue did not obtain, by virtue of the assignment, any title to the property which would enable him to maintain a suit in replevin against the constable. This, also, was erroneous. The court seems to have proceeded on the theory that a valid common law assignment for the benefit of creditors cannot be made under the law of this State as it now exists. The National Bankruptcy act of 1898 suspended the statute of this State in reference to voluntary assignments for the benefit of creditors, (*Harbaugh* v. *Costello,* 184 Ill.

110,) and the debtor may make a common law assignment for the benefit of his creditors, which is valid so far as the statutes of this State are concerned. (*Howe* v. *Warren,* 154 Ill. 227; *Thompson Co.* v. *Whitehed,* 185 id. 454.) As the statute in reference to voluntary assignments is suspended, the common law assignment is in nowise affected by that law. If the common law assignment should be attacked by a proceeding under the Bankruptcy law a question not here presented would arise. The assignment passed the title of the property to Pogue, and he could maintain replevin for the same as against the constable levying execution thereon. *Kimball* v. *Mulhern,* 15 Ill. 205; *Nimmo* v. *Kuykendall,* 85 id. 476.

The court also erroneously held that Pogue could not maintain a replevin suit because he had failed to make demand upon the constable for the return of the property before instituting the suit. Pogue was in possession of the property and had the legal title thereto and the goods were taken from him by an execution against Clausen. Under these circumstances Pogue could maintain replevin without making a demand. *Tuttle* v. *Robinson,* 78 Ill. 332.

The transaction was not tainted with fraud. The conveyance to Pogue was made in good faith for the benefit of the creditors of Clausen, and Pogue was actually in possession of the property long prior to the issuance of the execution.

The judgment of the county court will be reversed and the cause will be remanded to that court for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*