APPEL MERCANTILE COMPANY, APPELLEE, V. PEARL BARKER, APPELLEE; GRAND DRY GOODS COMPANY, APPELLANT.

FILED DECEMBER 18, 1912.    No. 16,865.

1. Statutes: TITLES: "BULK SALES LAW." Sections 31, 32, ch. 32, Comp. St. 1911, commonly known as the "Bulk Sales Law," are not unconstitutional as legislating upon a subject not clearly expressed in the title.

2. ———: ———: ———. The act makes all such sales void as to creditors, unless certain specified conditions are complied with. The conditions imposed cannot be considered as separate subjects of legislation, within the meaning of section 11, art. III of the constitution.

3. Constitutional Law: DUE PROCESS OF LAW. The act does not violate section 3, art. I of the constitution, which provides: "No person shall be deprived of life, liberty or property without due process of law."

4. ———: CLASS LEGISLATION. The act applies to all people of the

state who engage in the business designated. The classification is not arbitrary and unreasonable, so as to make the act special or class legislation, forbidden by the constitution.

5. **Garnishment:** Purchaser of Merchandise in Bulk. One who obtains possession of a stock of merchandise pursuant to a purchase thereof in bulk, in violation of the statute, will be held to be a trustee for the benefit of the creditors of his vendor, and liable as garnishee.

Appeal from the district court for Lancaster county: Willard E. Stewart, Judge. *Affirmed.*

*Stewart, Williams & Brown,* for appellant.

*R. H. Hagelin, Baldrige, De Bord & Fradenburg* and *McGilton, Gaines & Smith,* contra.

Sedgwick, J.

The plaintiff, having a judgment against the defendant, Pearl Barker, in the district court for Lancaster county, and an execution thereon having been returned wholly unsatisfied, caused the appellant, the Grand Dry Goods Company, to be summoned as garnishee. Mr. Dearsdorf, the president and general manager of the company, appeared and answered in the garnishment proceedings. Upon his answer the court ordered the garnishee to pay into court, to be applied upon plaintiff's judgment, the sum of $831.89. From this order the garnishee has appealed.

It appeared from the answer of Mr. Dearsdorf that a few days before the garnishment proceeding the defendant, Pearl Barker, was carrying on a retail millinery business in Lincoln, and made a contract of exchange of her stock of millinery goods to this appellant for a quarter section of land in Lincoln county. The value of the stock of goods was stated in the exchange as $2,200, and was in fact something over $1,000. The appellant took possession of the goods and disposed of them. The land exchanged was not conveyed by the appellant, but the title

was held until such time as the defendant, Pearl Barker, should pay her commercial indebtedness. The provisions of the statute, commonly known as the "Bulk Sales Law" (Comp. St. 1911, ch. 32, secs. 31, 32), were not complied with in making the exchange, and the court held that the transfer of the stock of goods was void as against creditors, and ordered the garnishee to pay the value thereof into court to be applied on the judgment. The garnishee insists that this order is erroneous, because the bulk sales law is unconstitutional for several reasons, and because the garnishee was entitled to trial by jury, and the summary order of the court was erroneous. The statute in question was before this court in *Lee v. Gillen & Boney*, 90 Neb. 730, and it was assumed to be constitutional and valid. The question of its constitutionality, however, was not determined or considered, and, the property transferred not being merchandise, within the meaning of the statute, it was held that the statute had no application to the transaction then being considered. It was therefore unnecessary to consider the constitutionality of the act.

1. The first objection made in this case to the constitutionality of the statute is that the statute is broader than the title; that is, that the subject of legislation is not clearly expressed in the title, as required by section 11, art. III of the constitution. The title of the act is "An act to declare void sales, trades or other disposition of stocks of merchandise or portions thereof in bulk, otherwise than in the ordinary and regular course of the seller's business." Laws 1907, ch. 62. The act consists of two sections, and is as follows:

"Section 31. The sale, trade or other disposition in bulk of any part or the whole of a stock of merchandise, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the seller's business, shall be void as against the creditors of the seller, unless the seller and purchaser, at least five days before the sale, trade or other disposition, make a full detailed inventory,

showing the quantity and, so far as possible with exercise of reasonable diligence, the cost price to the seller of each article to be included in the sale, trade or other disposition; and unless the purchaser demands and receives from the seller a written list of names and addresses of creditors of the seller, with the amount of indebtedness due or owing to each and certified by the seller, under oath, to be, to the best of his knowledge and belief, a full, accurate and complete list of his creditors and of his indebtedness; and unless the purchaser shall, at least five days before taking possession of such merchandise, or paying therefor, notify personally, or by registered mail, every creditor whose name and address are stated in said list, of the proposed sale, trade or other disposition and of the price, terms and conditions thereof; provided, that at least five (5) days before the sale, trade or other disposition, the seller may file with the county clerk in the county in which the stock is located, an agreement with all his creditors waiving the inventory and notice above required.

"Section 32. Nothing contained in this act shall apply to sales by executors, administrators, receivers or by any public officer under judicial process."

The purpose of the constitutional provision in question is to prevent surreptitious legislation. The title of an act of the legislature must be such as to give reasonable notice to the members of the legislature, and others interested, of the general subject upon which it is proposed to legislate. Some of the earlier decisions of this court which are cited in the brief construed this constitutional provision very strictly. We do not consider it necessary to go further in that direction than this court has already gone. The presumption in favor of the validity of an act of the legislature is very strong, and, unless the conclusion is unavoidable that the subject of legislation is not included in the title of the act, the statute will not be considered void for that reason. Some courts, even in recent years, have applied this provision technically and, we think, too strictly. The subject of legislation expressed in the

title of our act is: "To declare void sales, transfers or other disposition of merchandise or portions thereof in bulk." And the act itself provides that all sales in bulk shall be void, as against the creditors of the seller, under certain circumstances and conditions. The complaint really is that the legislature did not go so far in declaring sales void as it might have done under the title of the act. The greater includes the less, and this title is ample notice that it was intended to limit the right to make valid sales of merchandise in bulk. The legislature has not done more in this respect than the title would justify. The fact that it has done less surely will not invalidate the act.

2.   It is said in the brief that the act has more than one subject, and so violates the constitutional provision cited; that the title to declare sales void will not cover a provision regulating valid sales. This objection seems to be without any force. The act declares sales of merchandise in bulk void, with certain specified exceptions. The fact that the act does not go as far as the title, that, instead of making all sales under all circumstances void, it makes certain sales under certain circumstances void, prescribing certain conditions to be complied with in order to make a valid sale, does not make the specified conditions a distinct subject of legislation.

3.   It is said that the act is unconstitutional because it deprives persons of their property without due process of law, in violation of section 3, art. I of the constitution.

In *Everett Produce Co. v. Smith*, 2 L. R. A. n. s. 331 (40 Wash. 566) several cases are reported from different states upon this interesting question. A footnote is appended, from which it appears that the earliest legislation in this country upon the subject of bulk sales of goods was the act of Louisiana, in 1896. This note appears to have been written in 1905, and it is said that at that time 22 of the states and territories had enacted such legislation. The courts have not been entirely agreed as to the validity of the various statutes. The courts which have held such legislation constitutional appear generally to agree with

46

the supreme court of Washington, which used the following language: "It was intended to prevent retail dealers in goods, wares, and merchandise from defrauding their creditors. As such, it is among the undoubted subjects of legislation; and the real question to be considered, therefore, is: Is the act so far an abuse of the power of legislation as to take it out of the rule of due process of law? In our opinion, it is not. It is a general rule that, when the business is a proper subject of police regulation, the legislature may, in the exercise of that power, adopt such measures as they see fit to correct the existing abuses, so long as the measures adopted have relation to and a tendency to accomplish the desired end, and violate no direct constitutional provision. This act is within the rule. That it has relation to and will tend to prevent the particular frauds aimed at cannot be doubted. Nor is there any direct constitutional provision against the enactment of such laws. Whether the act is more harsh than was necessary, or whether it is not the wisest or best that could have been adopted, are legislative questions, with which the courts have nothing to do. It is enough for the court to know that the act is within the legislative power." *McDaniels v. Connelly Shoe Co.*, 30 Wash. 549. Our statute is new, and if it is found in any respect to be defective, or any of its provisions are harsh and unreasonable, the legislature will, of course, remedy the matter. It is not necessary in this case to construe the various provisions of the statute. If some of them should be found for any reason to be invalid, that would not necessarily render the whole act unconstitutional.

4. The statute is not unconstitutional as being special or class legislation. "A law which is uniform in its operation is not rendered invalid merely because of the limited number of persons who will be affected by it. The act in question applies equally to all the people of the state who may engage in the business described. The limitation of the act to retail dealers is not an arbitrary classification." *Walp v. Mooar*, 76 Conn. 515, 57 Atl. 277.

5. The final contention of the appellant is that garnishment proceedings will not lie in such a case. This objection has been, we think, well answered by the supreme court of Washington, in *Kohn v. Fishbach,* 36 Wash. 69. The circumstances seem to be similar with those in this case, and the court said: "It is true * * * that he did not at that time have any of the property of the defendant in his possession, and that he was not indebted to him. But, in contemplation of law, he had the property of the defendant in his hands, because, having purchased the property in fraud of law, without complying with the provisions of the law in relation to sales of property in bulk, he stood in the position of a trustee of the property, responsible to the *cestui que trust* or the creditors for the disposition of such property." In the case at bar the garnishee appears to have protected itself in the possession of this stock of goods. It still holds the title to the land, and its contract provides that the title shall not be conveyed until the creditors are paid.

The judgment of the district court is

AFFIRMED.