OTTO MUTZ, APPELLANT, V. CHARLES O. SANDERSON, SHERIFF, APPELLEE.

FILED SEPTEMBER 26, 1913. No. 17,305.

1. **Execution: LEVY: SALES IN BULK.** Under the provisions of the "Bulk Sales Law," a sale of a stock of goods in bulk without complying with the provisions of that measure is void as to creditors, and executions issued upon judgments obtained by creditors of the original vendor may be levied thereon the same as if no sale had ever taken place.

2. ——: ——: CUMULATIVE REMEDIES. The right to levy an execution upon a stock of goods purchased in bulk and out of the usual course of business, and without regard to the terms of ch. 62, laws 1907, commonly known as the "Bulk Sales Law," is cumulative to the remedies theretofore existing to creditors of

the vendor, and it is not a condition of such right that an execution be first issued and be returned unsatisfied as to other property of the judgment debtor.

3. **Replevin:** ORDER OF PROOF. It is the duty of a plaintiff in replevin to produce the evidence of his title to the property in controversy in his case in chief, and it is within the discretion of the district court to refuse to permit such evidence to be introduced upon rebuttal.

4. **Witnesses:** CROSS-EXAMINATION. It is not erroneous to confine cross-examination to matters drawn out in the direct examination of a witness.

APPEAL from the district court for Clay county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Sterling F. Mutz, George W. Berge* and *R. J. Greene,* for appellant.

*Charles H. Epperson, M. L. Corey, Paul E. Boslaugh* and *H. H. Wilson, contra.*

LETTON, J.

In October, 1909, plaintiff purchased a stock of goods from D. M. Roush, doing business in the name of the Spring Ranch Mercantile Company, without complying with the provisions of the "Bulk Sales Law." Laws 1907, ch. 62. Defendant, Sanderson, as sheriff of Clay county, levied four executions upon the stock while in Mutz's possession. These were issued upon judgments rendered against Roush in favor of certain wholesale houses who had supplied him with goods. This action was brought by Mutz to regain possession of the goods seized. The jury found for the defendant, judgment was rendered accordingly, and plaintiff appeals.

The first argument made by the appellant is that the word "void" in the bulk sales law means "voidable," and that, consequently, a creditor must first obtain a judgment against the judgment debtor, issue an execution against his property other than the stock of goods sold, and have it returned unsatisfied before he is entitled to levy upon

the property transferred. We think the latter proposition a *non sequitur*. The legislature evidently intended that a sale of a stock of goods in bulk made without compliance with the requirements of the statute, although it may be entirely valid as to all other persons, shall be void and of no effect as against creditors; that is, that the corpus of the goods shall remain as fully subject to execution and levy for the debts of the seller as if the sale had never taken place. It would seem that the title to goods sold from the stock by the vendee in the ordinary course of business will pass to the retail purchaser in identically the same manner as it would have done if the stock had remained in the possession of the vendor, but the stock itself in bulk occupies the same relation to the creditors as if no sale had ever taken place; but this it is unnecessary to decide. *Appel Mercantile Co. v. Barker*, 92 Neb. 669. We think it unnecessary to cite or discuss the cases referred to in the briefs, since the language of the statute is clear that the sale is void as to creditors, unless its terms are complied with.

These considerations practically dispose of the argument that garnishment is the only proper remedy. The statute does not in any manner abrogate the rights and remedies which creditors had prior to its passage, and the remedy given by it is cumulative to those already existing.

It is also assigned that the verdict is contrary to the evidence, and contrary to the law, because the jury should have found that Mrs. Roush was a partner in the business, and that, hence, creditors of D. M. Roush had no right to levy upon partnership property for his individual debt. The evidence conflicts as to whether Mrs. Roush had an interest in the stock and business. No instruction was requested by plaintiff asking that this question be submitted to the jury. The jury evidently believed that Roush was the owner, and we think this finding is in accordance with the great preponderance of the evidence.

In this connection complaint is made of instructions Nos. 4 and 5 as being inconsistent. A clause in No. 4

states: "There is no contention but that the plaintiff, Mutz, bought these goods of Roush." This instruction as a whole tells the jury that the executions are issued upon judgments obtained by creditors of Roush and against him, and that the sheriff has levied the same upon a stock of goods in the possession of Mutz, claiming the right to do so by virtue of the "Bulk Sales Law." The court then recites to the jury the provisions of that statute requiring a buyer of a stock of goods sold in bulk to procure the names of creditors, and to notify them, in order that the sale be valid as to such creditors. The clause complained of follows. In the fifth instruction it is said: "It is contended by the plaintiff that he bought the goods from the Spring Ranch Mercantile Company, and not from Roush, the person against whom these executions run. As to this, it is immaterial under what name Roush conducted the business if, in fact, he was the owner of it and of the stock of goods sold to plaintiff, Mutz." We think the instructions are not inconsistent when each is considered as a whole. Moreover, the point sought to be made in this court as to the existence and effect of a partnership interest in the stock being held by Mrs. Roush was not definitely raised in the lower court. The charge as a whole seems adequately to set forth the issues and the theory upon which the case was tried, and we find no prejudicial error therein.

It is next contended that evidence to show that a part of the goods levied upon had been purchased by Mutz since the sale was erroneously excluded. Mr. Mutz testified in chief that he was the owner of the stock of goods and had bought it from the Spring Ranch Mercantile Company. He was asked upon rebuttal to examine the return upon the execution and state whether he could tell "the different articles of merchandise contained in the inventory which were acquired by you after you purchased the merchandise of the Spring Ranch Mercantile Company." This was objected to as incompetent, irrelevant and immaterial, and not proper rebuttal evidence,

and the objection was sustained. The plaintiff then offered to show by this witness that goods to the value of $1,009.13 of those levied upon under the four executions were put in stock betwen October 30, 1909, and May 25, 1910. A like objection was sustained to this offer. It is said by appellant that if this evidence had been admitted plaintiff would have shown that these goods were new lines which had not been carried by the Spring Ranch Mercantile Company, and had not been confused and commingled with the general stock. It is, no doubt, true that goods purchased after the sale, which have been kept separate and not commingled with the general stock, may not be levied upon as the property of the vendor, but no such conditions were made apparent at the trial. Moreover, the evidence offered was not proper in rebuttal. Plaintiff was asserting title to the property taken. He should have produced his evidence of title to these specific chattels upon his case in chief. We find no error in this ruling.

It is next complained that the court erred in sustaining the objection to a question put to Mr. Roush on cross-examination as to whether he had made arrangements after the sale with any creditors in regard to the settlement of accounts. It was objected that this was not proper cross-examination and the objection was sustained. It is said in this connection that in the motion for a new trial it is shown that one of the creditors was paid in full, and that the judgment was collusively obtained, and also that it is proper cross-examination because in direct examination Roush claimed that he had not paid any of the claims in controversy. We think the objection was properly sustained. We find that Mr. Roush upon his direct examination was inquired of whether he had paid certain particular creditors, naming them, and that he stated he had not paid such claims, but we find no general denial such as is stated. Furthermore, the evidence set forth in the motion for a new trial would not justify the granting of the same for the reasons urged; being too vague, indefinite, and remote to warrant the relief asked for.

Complaint is also made with respect to certain language used in instruction No. 5. While, perhaps, the language of the instruction might have been less involved, and its meaning clearer and more apparent, we do not find that the issues were in anywise confused thereby.

The contention made that the bulk sales law is unconstitutional and void has already been considered and disposed of in *Appel Mercantile Co. v. Barker, supra.* It is probably true that the plaintiff has suffered hardship by his failure to comply with the provisions of the statute. Under the law as it stood before the passage of the act, creditors were often made the victims of misplaced confidence and defrauded of their just dues by sales of merchandise in bulk and the removal or concealment of the proceeds. The legislature sought to remedy this evil by a short and simple statute, which, if followed, would protect both buyer and creditor. If the law is unwise or oppressive, the lawmakers must be appealed to for relief.

We find no prejudicial error in the record, and the judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.