(94 Misc. Rep. 458)

KLEIN v. MARAVELAS.

(Supreme Court, Special Term, Kings County.   March, 1916.)

1. COURTS ⚖➔91(1)—STARE DECISIS—CONSTITUTIONAL LAW.
    Where the Court of Appeals has declared a statute unconstitutional, the Supreme Court is bound by such decision, and must hold that a substantially similar statute is unconstitutional, though the United States Supreme Court has held a similar statute not to be in violation of the federal Constitution.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 325;  Dec. Dig. ⚖➔91(1).]

2. CONSTITUTIONAL LAW ⚖➔240(1), 296(1)—FRAUDULENT CONVEYANCES ⚖➔3—EQUAL PROTECTION—DUE PROCESS—BULK SALES.
    Personal Property Law, § 44, as amended by Laws 1914, c. 507, § 1, which in effect places an embargo upon all sales of merchandise in bulk under the guise of an expedient designed to prevent fraud in such sales, is violative of the equal protection and due process of law provisions of the Constitution.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 688, 826;  Dec. Dig. ⚖➔240(1), 296(1);  Fraudulent Conveyances, Cent. Dig. § 5;  Dec. Dig. ⚖➔3.]

⚖➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. COURTS ☞91(1)—STARE DECISIS—BULK SALES.

Personal Property Law, § 44, as amended by Laws 1914, c. 507, § 1, relating to bulk sales, does not materially differ from Laws 1902, c. 528, and hence the decision of the Court of Appeals that the earlier law was unconstitutional is stare decisis, and binding on the Supreme Court on the questions of the constitutionality of the latter law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 325; Dec. Dig. ☞91(1).]

Action by David Klein, doing business as Samuel Klein & Son, suing in behalf of himself and all other creditors similarly situated, against Peter Maravelas. On motion for judgment on the pleadings. Motion granted.

Order affirmed 159 N. Y. Supp. 1122. See, also, 89 Misc. Rep. 466, 152 N. Y. Supp. 584.

Max Ahrens, of New York City, for plaintiff.

Ira Wollison, of New York City, for defendant.

VAN SICLEN, J. Plaintiff, a creditor of the defendant's vendors, brings this action to declare null and void a sale to defendant under Personal Property Law, § 44 (Sales in Bulk; Laws of 1914, c. 507, § 1). The defendant moves for judgment on the pleadings, having interposed a demurrer alleging that the complaint does not state facts sufficient to constitute a cause of action. The granting of said motion will in effect hold said act unconstitutional.

This case has been before the courts in a different phase. Klein v. Maravelas, 89 Misc. Rep. 466, 152 N. Y. Supp. 584. It was decided in favor of the defendant Maravelas upon a question of procedure. The other defendants therein named were defendant's vendors. Upon this motion this court will not seek to base a decision upon any technicality, but upon the merits, regardless of any alleged defects or irregularities, so that the real issues may be fully and duly presented on appeal herefrom.

[1-3] An examination of the authorities in point and the statute in question discloses that the present statute does not materially differ from chapter 528, Laws of 1902, declared unconstitutional by an almost evenly divided court in Wright v. Hart, 182 N. Y. 330, 75 N. E. 404, 2 L. R. A. (N. S.) 338, 3 Ann. Cas. 263. The intervening acts, apparently intended to be amendatory (Laws 1904, c. 569; Laws 1907, c. 722), have been passed upon by the Appellate Division (Sprintz v. Saxton, 126 App. Div. 421, 110 N. Y. Supp. 585; Seeman v. Levine, 140 App. Div. 272, 125 N. Y. Supp. 184), but not reviewed by the Court of Appeals. It appears that acts substantially similar have been upheld by the United States Supreme Court (Lemieux v. Young, 211 U. S. 489, 29 Sup. Ct. 174, 53 L. Ed. 295; Kidd, Dater & Price Co. v. Musselman Grocer Co., 217 U. S. 461, 30 Sup. Ct. 606, 54 L. Ed. 839), as not being in contravention of the Constitution of the United States. The provisions of said state and federal Constitutions in question cannot be found to be in substance different or distinguishable as to the matters involved, and the grounds advanced in support of the decisions respectively by the United States Supreme Court and our Court of Appeals indicate only the consideration by the views therein

at length expressed of each court upon the questions at issue before it and their relation to the respective Constitutions. Therefore this court is placed squarely between the horns of the dilemma. The problem now presented to this court is whether it is obligatory upon this court to follow our highest state court, which has found the statute in question in violation of our state Constitution or whether it may disregard that determination and follow the decision of the United States Supreme Court, that such a statute is not in contravention of the Constitution of the United States, and therefore not in contravention of the Constitution of the state of New York. The solution will be ultimately found in what the Court of Appeals will determine herein upon appeal thereto in the light of the decisions of Lemieux v. Young, supra, and Kidd, Dater & Price Co. v. Musselman Grocer Co., supra, and, in the event said court should follow Wright v. Hart, supra, and not reverse itself, what the United States Supreme Court upon appeal to it therefrom may ultimately determine.

This court must assume, regardless of any personal opinion that it may have upon the merits, that the Court of Appeals would follow Wright v. Hart, supra (Pope v. Terre Haute C. Mfg. Co., 87 N. Y. 137; Grant v. Cananea C. C. Co., 189 N. Y. 241, 82 N. E. 191; Sadler v. Boston & B. R. Co., 140 App. Div. 367, 125 N. Y. Supp. 405, affirmed 202 N. Y. 547, 95 N. E. 1139), and likewise upon appeal therefrom to the United States Supreme Court, if such appeal be possible, said decision would be affirmed in line with the well recognized rule and precedent that decisions (latest settled adjudications) of the highest state courts construing its Constitution and statutes are binding thereon, when no violation or infringement of federal Constitution or law is involved, although it had already decided that similar statutes or acts were not in contravention of the federal Constitution (Elmendorf v. Taylor, 10 Wheat. 152, 6 L. Ed. 289, Marshall, C. J.; Shelby v. Guy, 11 Wheat. 361–365, 6 L. Ed. 495; Osborne v. State of Florida, 164 U. S. 650–654, 17 Sup. Ct. 214, 41 L. Ed. 586; United States v. Reynolds, 235 U. S. 133, 184, 35 Sup. Ct. 86, 59 L. Ed. 162). Inversely, see Riverside D. R. C. M. v. Menefee, 237 U. S. 189, 35 Sup. Ct. 579, 59 L. Ed. 910; Magnolia v. Savannah Supply Co., 157 N. Y. Supp. 355. Therefore it is obvious, if the foregoing assumption is correct, under the authority of Wright v. Hart, supra, this court is compelled to grant defendant's motion for judgment on the pleadings.

After a careful reading of the opinion in Wright v. Hart, Lemieux v. Young, and Kidd v. Musselman, supra, there remains little that can be said upon the matters therein involved and the questions now under consideration, especially upon the question of constitutionality. Repetition thereof will not repay the effort, neither perhaps will it tend in anywise to bring about a reversal of the authority now controlling upon this court.

It cannot be denied that the intent, object, and purpose of the act are salutary; in fact, all so concede. Nevertheless it has been determined that in effect it places an embargo upon all sales of merchandise in bulk under the guise of an expedient designed to prevent fraud in such sales. It would seem, if consideration and application

thereof be honestly restricted to its ostensible purpose, namely, sales "otherwise than in the ordinary course of trade and in the regular prosecution of said business," that the conclusion and characterization is entirely too broad. Is the condemnation deserved? Is the act thoroughly unrelated in any real and substantial particular to the probable object of its enactment? Does it so interfere with the right to make and enforce contracts as to render it violative of the liberty and property provisions of the Constitution, and deny to those affected equal protection of the law? Is it legally objectionable as class legislation? In so holding fear may have been the father of the thought conceived in a wholly supposititious and imaginary field entirely beyond the strict wording, meaning, and intent of the act, and altogether foreign and exclusive of its practicable application.

Giving full consideration to all the grounds advanced in declaring the act unconstitutional and having in mind what may be done under the act as the test in determining the question of constitutionality, the conclusion is inevitable that in reality the objection and ground for complaint are that the provisions of the statute cast severe burdens upon a purchaser, transferee, or assignee thereunder. What weight is such contention entitled to in practice? Concededly in construing the act the courts will be concerned only with an innocent bona fide purchaser for value. How many of such will be met with "in the ordinary course of trade and in the regular prosecution of a business?" Admittedly, few compared with the number of creditors of the seller, whom the statute seeks to secure, and those few are amply protected by complying with the provisions thereof, which, even though somewhat drastic and cumbersome, seem to be the best at hand and yet devised. A proposed purchaser of either personal property or real property must uniformly be on his guard against liens, either by way of conditional bills of sale, chattel mortgages, or judgments, mortgages, or other claims, either filed or of record, or of which he may have actual knowledge. The rule caveat emptor still has general application, and our courts still hold that title cannot be obtained from a thief, or from his purchaser, transferee, or assignee, even acquired by an innocent or bona fide purchaser for value without notice.

What may be done under the act may be the test in determining the question of constitutionality, but assuredly within reason and practice and the strict intent thereof, and from which great and varied benefits will be derived by many and with little hardship to the few. The law will not concern itself de minimis. Under the authority of Wright v. Hart, supra, the main question here involved cannot be considered de novo by this court, and for the reasons hereinbefore stated said decision is stare decisis. I therefore grant the defendant's motion for judgment on the pleadings and a dismissal of the complaint, with costs.

Motion granted, with costs.