LEIDERSDORF, Respondent, vs. KRESS, imp., Appellant.

*May 27—June 25, 1919.*

*Fraudulent conveyances: Liability of purchaser: Garnishment: Exemptions: Proceeds of bulk sale: Justices of the peace: Judgment against principal defendant: Evidence.*

1. Where, without compliance with the bulk sales law (sec. 2317c et seq., Stats.), a stock of goods and the fixtures were sold, together with a lease of the building, for $650, the stock and fixtures being worth $125, and on orders of the court and an execution the purchaser paid $534.36 to creditors of the seller, he could, on garnishment by a creditor of the seller, be held liable for the balance of $115.64 which he had turned over to the seller, it not appearing that it was not part of the purchase price of the goods and fixtures.

2. On the record in this case, the proceeds of the sale were not exempt from garnishment.

3. That a prior judgment had been entered against the principal defendant, necessary to authorize the judgment against the garnishee in the circuit court, is sufficiently shown by the record, the facts being stipulated, and the return of the justice of the peace to the circuit court, showing entry of such judgment, being made part of the stipulation.

APPEAL from a judgment of the circuit court for Washington county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

The action was commenced in justice's court and judgment entered in favor of the garnishee and against the plaintiff, and an appeal taken to the circuit court, where a new trial was had. The facts were stipulated, and judgment was rendered in favor of the plaintiff and against the garnishee for the sum of $115.64 and costs.

The action was brought by the respondent against *Kress* as garnishee to hold him liable upon an indebtedness due from the defendant Meissner to the respondent under the provisions of sec. 2317c and sections following, known as the "bulk sales law." *Kress,* garnishee, purchased from the defendant Meissner his lease of a building used as a saloon, together with stock in trade and fixtures, for the sum of $650. While the garnishee held the purchase money in his

hands under a bill of sale, garnishee proceedings were commenced against him.    There was also an execution in the hands of the sheriff against the defendant Meissner.    The garnishee, *Kress,* paid from the purchase money in his hands, under orders of the court, $394.36 to creditors of defendant Meissner and upon an execution in the hands of the sheriff. He also paid the sum of $140 to a brewing company, another creditor of defendant, and the balance, $115.64, was paid to Meissner before the commencement of the present action. The garnishment in the instant action was not in aid of execution.    The appeal in this action is from the judgment of the circuit court.

For the appellant there was a brief by *Russell & Foote* of Hartford, and oral argument by *J. C. Russell.*

For the respondent there was a brief by *S. Fred Wetzler,* attorney, and *Sol J. Weil,* of counsel, both of Milwaukee, and oral argument by *Mr. Weil.*

KERWIN, J.    1. It is clear from the record that no part of the proceeds of the sale in question was exempt.

2. Point is urged that there is not sufficient evidence to show that judgment was entered against the principal defendant, hence no judgment could be rendered against the garnishee.    The facts were stipulated and the return of the justice of the peace to the circuit court was made a part of the stipulation, which shows that judgment had been entered against the defendant.    We are satisfied that the record shows that judgment was rendered against the defendant.

3. It is also argued that because the garnishee had paid to creditors from the purchase price more than the value of the stock of goods and fixtures, he could not be held liable in the present garnishee action.    The garnishee bought the stock and fixtures and a lease for a bulk sum of $650.    It is conceded that the purchase was in violation of the bulk sales law. All but $115.64 of the purchase price had been paid to creditors of defendant and the $115.64 turned over to defendant before the instant garnishment.    It is contended that because

the stock and fixtures were of the value of $125 only, it must be presumed that all the proceeds reachable by the garnishee proceedings had been exhausted. But there is nothing in the record to show that the amounts disbursed, or any part thereof, to creditors by the garnishee were paid from the purchase price of goods and fixtures. The whole amount paid before the garnishment in this action, aggregating $534.36, may have been paid from the purchase price of the lease, and the balance in the hands of the garnishee, which he turned over to the defendant, may have been the purchase price of the goods and fixtures. We think the court below was warranted in so finding.

We are convinced upon the whole record that the court below was right in holding that the garnishee was liable to the plaintiff for the balance of the purchase price, $115.64, paid to the defendant.

*By the Court.*—The judgment is affirmed.