PENNSYLVANIA RUBBER COMPANY, Respondent, vs. SAMP-
SON and another, imp., Appellants.

*April 7—May 3, 1927.*

*Bulk Sales Law: Buyer may not diminish liability by prorating
payments between subject and non-subject property: Attach-
ing creditors: Priorities: Payments by buyer to creditors not
offset to liability.*

1. Where on the sale of a stock of goods, part of which only were
   subject to the Bulk Sales Law (secs. 241.18 to 241.21, Stats.),
   the statutes were not complied with, the buyer could not have
   payments made to the seller prorated between subject and non-
   subject property, where the effect would be to diminish the
   liability of the buyer to creditors for the full value of the
   subject property, the amount paid the seller being immaterial
   as respects the liability of the purchaser. p. 78.
2. A buyer who failed to comply with the Bulk Sales Law was not
   entitled to credit on the amount of stock subject to the law
   for payments made to unsecured creditors of the seller, in an
   action by other creditors to enforce the amount of their
   claims, the object of the law being to hold the goods of debt-
   ors as a trust fund for the benefit of all the creditors, making
   the purchaser in possession a trustee. p. 78.
3. In a garnishment action by certain of the creditors of the seller,
   the buyer was not entitled to have his liability as garnishee
   prorated among all the unsecured creditors of the seller, as
   the creditors bringing the action could obtain priority in pay-
   ment to the extent of goods subject to the Bulk Sales Law.
   p. 79.

APPEAL from a judgment of the circuit court for Barron
county: W. R. FOLEY, Circuit Judge. *Affirmed.*

The defendant Ronning sold to the garnishee defendants
and appellants goods a part of which were subject to the
Bulk Sales Law and a part of which were not so subject.
The Bulk Sales Law was not complied with. Part of the
purchase price was paid to the seller and a part of it to un-
secured creditors of the seller who had taken no legal steps
to collect their claims. The court found the value of the

goods subject to the Bulk Sales Law; the value of the goods not so subject; the amount paid to the unsecured creditors, and the amount of goods subject to the Bulk Sales Law upon which there were valid liens. Plaintiff and six other creditors whose total claims amounted to $1,700.16 garnished the appellants, and the court, having found that the value of the goods sold and which were subject to the Bulk Sales Law over and above the valid liens thereon was $6,840.72, held that plaintiff was entitled to recover, and by stipulation of the parties like judgments were to be entered in the other six cases. From such judgment the garnishee defendants appealed.

*Chas. A. Taylor* of Barron, for the appellants.
*Laurence S. Coe* of Rice Lake, for the respondent.

VINJE, C. J.    Error is claimed because (1) the court refused to prorate between subject and non-subject property payments made by the appellants to the seller; (2) the court refused to allow any credit to appellants for payments made to the unsecured creditors; and (3) the court refused to prorate liability of appellants among all unsecured creditors.

The claim that payments made to the seller should be prorated between subject and non-subject property is not tenable if its effect is to diminish the liability of the purchaser to less than the full value of the subject property. The Bulk Sales Law rests that liability upon a purchaser who buys without complying with it, and such liability cannot be diminished by adding to the sale goods not subject to the law. In this case the purchasers stood charged with the duty to respond to creditors for the full value of the subject property less the valid liens thereon, or for the sum of $6,840.72 irrespective of what they had paid the seller.

The second claim is also untenable because if sustained it would open wide the door to preferences by leaving it to the purchaser to determine what creditors shall be paid. The object of the Bulk Sales Law is to place all unsecured

creditors upon a parity in their rights to the value of the goods sold except in so far as by legal process priorities may be secured.    As was stated in *Fitz Henry v. Munter,* 33 Wash. 629, 74 Pac. 1003, "The object of this law was to hold the goods of debtors under such circumstances as a trust fund for the benefit of all the creditors, and to hold the purchaser in possession as a trustee for such creditors." See, also, *Fecheimer-Keifer Co. v. Burton,* 128 Tenn. 682, 164 S. W. 1179, 51 L. R. A. N. S. 343 and cases cited.    In *National Grocer Co. v. Plotler,* 167 Mich. 626; 133 N. W. 493, the court said: "The statute makes the sale absolutely void as against creditors unless its conditions are complied with.    In effect, therefore, at the time of the service of the writ upon him the garnishee defendant had in his possession the entire stock of goods belonging to the principal defendant."    And in *Gazett v. Iola Co-operative M. Co.* 164 Wis. 406, 160 N. W. 170, this court said: "The attempted sale by the principal defendants to the garnishee defendant being void under the statute, such garnishee defendant must hold the goods or the proceeds thereof subject to be reached by garnishment."    Such goods or the proceeds thereof as to unsecured creditors are like any other property of a debtor. They may be reached by garnishment or any other appropriate legal remedy, and when so reached the creditors may obtain a priority in payment.    Hence the court properly refused to prorate the liability of the defendants among all unsecured creditors.    Plaintiffs obtained a prior right to payment by their garnishments.    There being more than enough money to satisfy all claims in these seven actions, priority as among them need not be found.

*By the Court.*—Judgment affirmed.