STATE BANK OF VIROQUA, Appellant, vs. JACKSON, Defendant: IVERSON, Garnishee, Respondent.

*April 10—May 6, 1952.*

For the appellant there were briefs by *Bennett & Bennett* of Viroqua, and oral argument by *Olga Bennett*.

For the respondent there was a brief by *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Quincy H. Hale*.

BROADFOOT, J. There is a sharp dispute between the parties as to most of the facts and as to the principles of law applicable in this case. Because of our determination that a trial must be held to determine the disputed facts, we shall only comment on them briefly.

The plaintiff contends that the Bulk Sales Law applies generally to all persons in business; that said law applies to all personal property other than cash; that the consideration of $6,000 conclusively establishes the value of the items sold by Jackson to Iverson; and that Iverson is therefore liable to creditors to the extent of the full purchase price.

The garnishee defendant, on the other hand, contends that the sale was not within the purview of the Bulk Sales Law for the reason that Jackson had sold all of his stock of farm implements and machinery at the auction and that the sale to Iverson embraced only machinery to repair automobiles, tractors, and farm implements, with parts for the repair of said items, together with his franchises for the sale of farm machinery; that in any event, a purchaser is liable only for the goods purchased where they are still on hand; that since the personalty sold is not within the purview of the Bulk Sales Act, the fixtures used in connection therewith are also exempt; and finally, that the plaintiff bank is barred from recovery because of its acquiescence, waiver, laches, and estoppel.

The Wisconsin Bulk Sales Law is found in secs. 241.18 to 241.21, inclusive, of the statutes. Most states have adopted somewhat similar laws. Many citations of decisions in other jurisdictions are given in both briefs. They are of little

value because of the difference in the language employed in their statutes and because of the difference in interpretation by their courts.

This court has held that the Bulk Sales Law is penal in character and in derogation of the common law, and should be strictly construed. *Missos v. Spyros,* 182 Wis. 631, 197 N. W. 196; *Nichols, North, Buse Co. v. Belgium Cannery,* 188 Wis. 115, 205 N. W. 804.

The *Missos Case, supra,* further holds that such law does not restrict the sale in bulk of articles used by the seller in carrying on his trade or business, and which are necessary to enable him to enjoy the fruits of his own labor. In effect, that decision holds that the law applies only to merchants selling at retail and to the property held for sale at retail, and it does not apply to items that are to be processed or to which labor is to be added prior to sale. It is apparent from the record before us that the law, under a strict construction, cannot apply to all of the items sold by Jackson to Iverson. For example, the record discloses that some parts for farm machinery were included in the sale. Those to be sold at retail and installed by the buyer would be covered by the law; those to be installed by Iverson in his repair business would not be covered. The law further applies to fixtures pertaining to the items that are to be sold at retail; it would not apply to fixtures in connection with the repair business. These are questions of fact that are to be litigated.

This court has also stated that in case of noncompliance with the law, the garnishee defendant holds the goods or the proceeds thereof as a trust fund for the benefit of creditors of the seller. *Gazett v. Iola Co-operative M. Co.* 164 Wis. 406, 160 N. W. 170; *Pennsylvania Rubber Co. v. Sampson,* 193 Wis. 77, 213 N. W. 643. Thus, the recited consideration does not establish the value of the items sold, nor is the garnishee defendant liable to the full extent of the purchase price. He is accountable for the proceeds of items

sold that came under the provisions of the act at the time of sale, but as to the goods coming under the act that are on hand, he is only accountable for the goods themselves. It is apparent that this case cannot be determined from the record, and that a trial on the disputed issues is necessary.

In its brief filed with the trial court, following the motion for summary judgment, the plaintiff made this statement:

"The decision of the court should be that the plaintiff is entitled to judgment on the law and admitted facts. If the court deems otherwise, since the facts cannot be changed, judgment should be rendered dismissing the action."

The court took plaintiff at its word, and in addition to denying the motion for summary judgment, it dismissed the garnishment proceeding upon the merits. We are of the opinion that the trial court gave too literal an interpretation to the language used. The plaintiff was arguing the law applicable to the case and added those words by way of emphasis. The sole question before the court was whether or not the motion for summary judgment should be granted. The garnishment proceedings should not have been dismissed.

As to respondent's contention that the plaintiff is barred from recovery by acquiescence, waiver, laches, and estoppel, there is a dispute as to the facts. Acquiescence in the sale by the plaintiff would be a defense. It denies, however, that it even knew of the sale until ten days or two weeks thereafter. The facts also have a bearing on the other questions. As a general rule, unless a creditor gives actual assent to the sale, his conduct, in order to prevent recovery within the statutory limits, should be such as to afford ground for estoppel, namely, justifiable reliance by the buyer on the apparent intention of the creditor. 2 Williston, Sales (rev. ed.), p. 472, sec. 391; 37 C. J. S., Fraudulent Conveyances, p. 1328, sec. 478.

*By the Court.*—That part of the order denying the motion for summary judgment is affirmed. That part of the order dismissing the complaint of the plaintiff against the garnishee defendant is reversed, and the cause is remanded with directions to reinstate the same and for further proceedings consistent with this opinion. No costs are allowed to either party.