BERGER (Charles) and another, Plaintiffs and Respondents, vs. BERGER (George) Defendant: DREWS, Garnishee Defendant and Appellant.

*November 8—December 6, 1955.*

For the appellant there was a brief by *David Rabinovitz,* attorney, and *Lucien F. Lajoie* of counsel, both of Sheboygan, and oral argument by *Mr. Lajoie.*

For the respondents there was a brief and oral argument by *Alfred B. Gerber* of Sheboygan.

BROADFOOT, J.   The appellant first contends that the Bulk Sales Law does not apply to the business of a tavern.  He cites the case of *Missos v. Spyros,* 182 Wis. 631, 197 N. W. 196, wherein it was held that the Bulk Sales Law, being penal in character, in derogation of the common law and of the right to alienate property without restriction, should be strictly construed.  It was also held in that case that the act was not intended to restrict the sale in bulk of articles used by the seller in carrying on his trade or business and which are necessary to enable him to enjoy the fruits of his own labor.   In citing examples of decisions under somewhat similar statutes in other jurisdictions, this court stated that glassware used in a saloon was not covered by the statute. We cannot agree that the quotation from a text used as an illustration is determinative of the contention made by the appellant.  The other rules there stated were affirmed in *State Bank of Viroqua v. Jackson,* 261 Wis. 538, 53 N. W. (2d) 433.

The respondent cites the case of *Leidersdorf v. Kress,* 169 Wis. 484, 173 N. W. 218, and states that it was therein held that Wisconsin has determined that the statutes do apply to the saloon business.  Although the sale before the court in that case did deal with merchandise and fixtures used in the saloon business, no issue appears to have been raised thereon and the case was decided on entirely different issues.

This court has consistently held that the law applies to merchants selling at retail and that it does not apply to items that are to be processed or to which labor is to be added prior to sale.  Thus a question of fact is presented in each case as to the nature of the business.

The appellant contends that many of the beverages sold in a tavern consist of mixed drinks.  However, the record is barren of any explanation as to the percentage of merchandise therein handled that was sold in original packages and what

percentage thereof may have been dispensed as mixed drinks. The appellant in effect asks this court to take judicial notice of the manner in which a tavern business is operated. This we are unable to do. The law in effect states that the sale in bulk of any part or the whole of any stock of goods or of the fixtures pertaining to the same shall be conclusively presumed to be fraudulent and void as against then existing creditors of the seller unless the requirements of the law are complied with. Where there has been no compliance with such requirements, the burden is upon the buyer to show that the merchandise or fixtures purchased by him do not come under the Bulk Sales Law. The appellant failed completely to meet that burden except by way of argument, which argument is not based upon any testimony in the record. Therefore we cannot state categorically that the Bulk Sales Law does or does not apply to the business of a tavern. Each case must be decided upon its own facts.

The appellant next contends that even if the Bulk Sales Law applies to the business of a tavern, it does not apply to the sale of the fixtures alone. It is conceded that no merchandise was included in the sale to the appellant. As authority for his contention the appellant cites cases from other jurisdictions where the statutes do not seem to be identical in wording with our own. Our own statute is very comprehensive. It refers to the sale of any stock of goods, wares, and merchandise, *or* of the fixtures pertaining to the same, *or* of such goods, wares, and merchandise and fixtures. Thus it applies to the sale of merchandise alone, to the sale of fixtures pertaining to a stock of merchandise, or to a sale of both in combination. These fixtures had pertained to and were used for the sale of merchandise before the sale and they were bought to pertain to and to be used in the sale of merchandise after the transfer. From the language of our particular statute we are compelled to say that the Bulk Sales Law does

apply to the sale of the tavern fixtures under the circumstances here presented.

The appellant's last contention is that there was a substantial compliance with the statute and that the trial court erred in its findings of fact. There were introduced in evidence photostatic copies of certain documents in connection with the sale. One of said documents is an agreement covering the terms of the sale, dated July 13, 1953. Another is the affidavit of George Berger, dated July 13, 1953, purporting to contain an accurate and complete list of his creditors with their respective addresses. The names of the plaintiffs are not included on this list. Also there appears in the record a bill of sale, dated July 27, 1953, to which is attached a list of the fixtures included in the sale. At an adverse examination before a court commissioner on March 3, 1954, the appellant testified that he took over the operation of the tavern on July 1, 1953, and at the trial he first testified that he took over the business on July 1, 1953, and that he was the owner of the fixtures and equipment after July 1, 1953. He also testified that he made application for a tavern license prior to July 1, 1953, and that it was issued to him, effective on that date. Later in the trial he testified that he permitted the defendant, George R. Berger, to retain all of the profits of the business from July 1 until July 27, 1953, and that he did not take possession until after he had received the bill of sale on July 27th. This contradiction in his testimony required the trial court to make a finding of fact. It found as a fact not only that the appellant purchased the fixtures on July 1, 1953, but that he took possession thereof on the same date. Therefore, the attempted compliance with the Bulk Sales Law on July 13th did not meet the requirements of the law. There is certainly evidence in the record to support the findings of fact made by the trial court.

*By the Court.*—Judgments affirmed.