HOMER RAMSDELL *et al.*, plaintiffs in error, *v.* JOHN SIGER-
SON *et al.*, defendants in error.

*Error to Madison.*

The principles laid down by this Court, in the case of *Howell* v. *Edgar*, 3 Scam.
417, in regard to assignments, recognized.

A subsequent additional agreement to a deed of assignment to be valid, must be
with the consent of all the parties to the instrument.

A failing debtor may prefer one or more of his creditors, by deed of assignment,
if properly executed, and without fraud; but if the deed contain a condition
of release, without provision for full payment of the demands of his credi-
tors, it will be fraudulent and void in regard to all such creditors as are not
parties to it, and they may proceed to judgment and execution, as though no
such assignment had been made, as long as the property remains in the pos-
session of the assignors or assignees of such an assignment.

THIS was a case of a trial of the right of property, in the
Madison Circuit Court, at the September term 1842, before
the Hon. Sidney Breese and a jury. The plaintiffs in error
were plaintiffs in the Court below. The jury returned a ver-
dict in favor of the defendants, and the Court rendered a
judgment thereon.

The proceedings in the Court below, are set out in the
Opinion of the Court.

*E. Keating*, for the plaintiffs in error, submitted the fol-
lowing points and authorities:

Every assignment must be absolute, and unconditional.
*Grover* v. *Wakeman*, 11 Wend. 189; *Hyslop* v. *Clark*, 14
Johns. 458.

An assignment containing a provision making a preference
to certain creditors in the distribution of the assigned proper-
ty, to depend upon the execution by them, of a release to the
debtor of all claims against him is void. *Grover* v. *Wake-
man*, 11 Wend. 187; Rev. Stat. of 1833, 313; *Brown* v. *Knox*,
6 Missouri, 302, 307, 310, 311, 312, 313, 314; *Atkinson* v.
*Jordan*, 5 Ohio, 293; *Grover* v. *Wakeman*, 11 Wend. 187.

An assignment void in part, is void in *toto*. *Wakeman* v.
*Grover*, 4 Paige, 24; *Hyslop* v. *Clark*, 14 Johns. 458; *Austin*
v. *Bell*, 20 Johns. 442.

Ramsdell *et al. v.* Sigerson *et al.*

When a deed is altered in a point material, by a party interested, without the assent of all parties in interest, the deed becomes void. *Jackson* v. *Malin,* 15 Johns. 293; 1 Rolle's Abr. 40; *Winscombe* v. *Piggott,* 3 Dyer, 261; *Markham* v. *Gonaston,* Cro. Eliz. 326; Piggott's case, 11 Coke, 26; 2 Pothier, 139, 140; *Hatch* v. *Hatch,* 9 Mass. 297; *Holbrook* v. *Tirrell,* 9 Pick. 205; *Chapman* v. *Whitmore,* 23 do. 235.

The operation of a deed once executed and delivered, cannot be added to or diminished by a portion of the parties without the consent of *all* the parties thereto. Peters' Dig. title "*Deed;*" Minot's do. same title; *Miller* v. *Gore,* 20 Pick. 37.

A deed fraudulent in fact is void, and incapable of confirmation. *Murray* v. *Riggs,* 15 Johns. 571.

*N. D. Strong,* for the defendants in error.

The law cited by counsel is good, but it has no application to the present case. The question to be determined is, whether under the circumstances of the case, the assignment having been executed, and the goods sold to the defendants in error, the assignment is sufficient to protect such purchasers. The power of the attorney, under which the assignees acted, was sufficient to authorize the sale, and the sale is therefore good. *Grover* v. *Wakeman,* 11 Wend. 189.

The assignment is good until attacked. We deny that the instrument cannot be modified. It may be done by consent of parties without avoiding the deed. The amendment affects their interest, they relax, give up rights already secured to them. The modification was intended for the benefit of creditors generally. *Murray* v. *Riggs,* 15 Johns. 517.

Admitting the assignment good until attacked, the sale under it is good. It was not a question in the Court below, whether the assignment was good under all circumstances. Long before the judgment in favor of the plaintiffs in error, was rendered, the assignment was rendered unobjectionable as to creditors. If rights were divested, it was of those whose interest were to be affected; they only could complain; the plaintiffs could not.

Ramsdell *et al. v.* Sigerson *et. al.*

The Opinion of the Court was delivered by

Young, J.*    This was a trial of the right of certain pro-
perty which was in the possession of, and claimed by John
Sigerson and Enos H. Harrison, and which had been levied
upon by the sheriff of Madison county as the property of
Reuben Gerry and Royal Weller, at the suit of Homer Rams-
dell and others, by virtue of an execution issued on a judg-
ment obtained in the Municipal Court of the city of Alton,
against the said Gerry and Weller.

A trial before the sheriff was waived by the parties, and a
trial had in the Circuit Court of Madison county, on the
following agreement, to wit:

"It is hereby agreed in this cause, that Homer Ramsdell and
others obtained a judgment in the Municipal Court of the
city of Alton, and issued an execution thereon against Reu-
ben Gerry and Royal Weller, and levied upon the property
claimed by the plaintiffs, John Sigerson and Enos H. Har-
rison, which property was purchased by the said plaintiffs,
in good faith and for a good and valuable consideration as
the sum of $6136·95, from Samuel G. Bailey, Solomon E.
Moore and Enos H. Harrison, assignees of the said Gerry
& Weller, for the benefit of creditors therein named, among
whom are the said plaintiffs; that said plaintiffs were cred-
itors to Gerry & Weller in the sum of $6136·95, and that
the property so purchased from the assignees, was in liqui-
dation of that debt.

"It is further agreed, that the assignees had full possession
of the property under the assignment long before the judg-
ment aforesaid was obtained, and that said property had
been transferred to the plaintiffs before said judgment was
rendered.

"It is further agreed, that the only question to be decided
by the Court in this case, is, whether the assignment made
by the said Reuben Gerry and Royal Weller to the said
Samuel G. Bailey, Solomon E. Moore and Enos H. Harrison
is, in law, upon the face of it, a valid, or a void assignment,

---

*Wilson, C. J., did not sit in this case.

it being admitted that said assignment is duly executed, and that Gerry and Weller have creditors that may take an interest, and that have taken an interest under the assignment. If the Court shall be of opinion, that the assignment aforesaid· is valid in law upon its face, then a verdict is to be rendered for the plaintiffs, Sigerson & Harrison; but if the Court shall be of opinion, from the face of the assignment, that it is void in law, then the verdict is to be found for the defendants."

The deed of assignment referred to in the agreement is *tri parte;* was executed on the 13th day of December A. D. 1837, by Reuben Gerry and Royal Weller as assignors, by Samuel G. Bailey, Solomon E. Moore and Enos H. Harrison as assignees, and by Walworth & Co. and Geo. Holton as creditors of the assignors; is in the usual form, conveying all the property of the assignors, real, personal and mixed, for the benefit. of their creditors, with the exception that it contains a clause of release in the following words, to wit:

"And the said persons, commercial houses and corporations, parties hereto of the third part, and each and every of them, for the considerations heretofore expressed, do for themselves and their respective executors, administrators and assigns, and co-partners in business accept the said assignment and dividends, that they may respectively receive under, and by virtue of the same, in full satisfaction and discharge of all and singular, their several and respective claims and demands against the said Reuben Gerry and Royal Weller, whether the same are now due, or not due, and of all claims and demands, which they as aforesaid, may hereafter have, in consequence of any pre-existing acceptance, indorsement, suretyship, or liability, by them respectively made or assumed for their account; and they, the respective persons, the parties hereto of the third part, in consideration of the premises, do severally, as aforesaid, release and discharge the said Reuben Gerry and Royal Weller, their heirs, executors and administrators, of, and from all, and singular demands, which they, or either, or any of them now have, or by any possibility from the existing

state of things may have hereafter, on the said Reuben Gerry and Royal Weller, or their legal representatives."

Subsequently, on the 15th day of February, A. D. 1838, the assignors and assignees made an additional agreement, without the concurrence and assent of Walworth & Co., and Geo. Holton, which was annexed to, and intended as a modification of the original deed of assignment, but which does not, in its terms, vary or destroy the clause of release before referred to.

Upon the foregoing agreement and statement of facts, the Circuit Court decided that the right of property was in the plaintiffs, Sigerson & Harrison, and not subject to the execution of the defendants. The defendants, Homer Ramsdell and others, then moved the Court for a new trial, for the following reasons, to wit:

1.  Because the decision of the Court is contrary to law, and the testimony produced;

2.  Because the Court decided that the assignment produced was valid, when in law it was not;

3.  Because the Court decided that the addition made to the assignment on the 15th of February, 1838, created a new deed of assignment of the one dated December 13th, 1837, to which the additional agreement was annexed; and

4.  Because the Court permitted the addition made to the deed of assignment, to be read in evidence.

The motion was overruled, a judgment rendered against Homer Ramsdell and others for costs, and an exception taken to the opinion of the Court.

The plaintiffs in error now prosecute their writ of error to this Court, and assign for error the following causes, to wit:

1.  The Circuit Court decided for the claimants, when the decision should have been for the plaintiffs in the execution;

2.  The decision of the Court is contrary to the evidence;

3.  The Court erred in deciding that the addition made to the assignment on the 13th of February, 1838, created a new assignment of that date;

4.  The Court erred in admitting the addition made to the assignment to be given in evidence; and

Ramsdell *et al. v.* Sigerson *et al.*

5. The Court erred in refusing to grant a new trial.

Whether Sigerson & Harrison would have been protected in their purchase from the assignees of Gerry and Weller, as preferred creditors, or as innocent purchasers for a valuable consideration, in the absence of any agreement in the Court below, is not now a question properly before us.

The question, as submitted by the agreement is, whether the assignment of Gerry and Weller is a valid instrument in law, upon the face of it, or fraudulent and void as to such creditors as have not become parties to it.

We think the principles involved in this question, fully settled by the case of *Howell* v. *Edgar*, 3 Scam. 417, *et seq.* and the authorities there cited, and that no additional agreement is necessary to elucidate or enforce the correctness of that decision.

The original assignment contains a clause of release to the assignors, and the subsequent agreement, intended as a modification, even if it had been signed and assented to by Walworth & Co., and Geo. Holton, which we consider essential to its validity, does not change the original assignment in this respect; and although the right of a failing debtor to prefer one or more of his creditors by deed of assignment, if properly executed and without fraud, is fully recognized as law by this Court; still, if it contains a condition of release without provision for full payment of the demands of his creditors, it will be considered fraudulent and void in regard to all such creditors as are not parties to it, and will not prevent them from proceeding to judgment and execution, as though no such assignment had been made, as long as the property remains in the possession of the assignors or assignees of such an assignment.

For these reasons, we think that the assignment in this case, was upon the face of it, fraudulent and void in law, as against the plaintiffs in error, who were not parties to it, and that the Circuit Court erred in deciding in favor of the claimants, Sigerson & Harrison, in the first instance, and afterwards, in overruling the motion of the defendants below, for a new trial.

Judgment reversed with costs, and the cause remanded with instructions to the Circuit Court to render judgment in favor of the plaintiffs in error in conformity with this opinion.

*Judgment reversed.*