ror to permit appellee to testify concerning the words spoken by appellant to her husband.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

MR. PRESIDING JUSTICE ELDREDGE dissents.

---

### National Trust & Credit Company, Appellant, v. Ross C. Kiningham, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 13, 1915.

### Statement of the Case.

Action by National Trust & Credit Company, plaintiff, against Ross C. Kiningham, defendant, on a promissory note. From a judgment for defendant, plaintiff appeals.

As a defense the defendant claimed that the plaintiff orally consented to be bound by an agreement which by its terms was between Ross C. Kiningham, debtor, "and the several persons, companies and firms whose names and seals are hereinafter signed and affixed respectively, being creditors of said debtor, and all other creditors of said debtor acceding thereto, hereinafter called the creditors, party of the second part" and C. N. Kiningham, trustee, party of the third part, and by which the defendant was to be released of his indebtedness in execution of a bill of sale of his property to the trustee. Such bill of sale was executed.

JOHN W. CREEKMUR, DONALD J. DE WOLFE and OLIVER D. MANN, for appellant.

LINDLEY, PENWELL & LINDLEY, for appellee; WALTER C. LINDLEY, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 451*—*when evidence insufficient to show release from liability.* In an action on a promissory note where the defense was that the plaintiff had, by parol, entered into an agreement to release the defendant on his making an assignment for the benefit of his creditors and that such assignment had been made, evidence *held* to show that the plaintiff had never acceded to such an agreement.

2. FRAUDULENT CONVEYANCES, § 15*—*when assignment for benefit of creditors invalid.* An assignment for the benefit of creditors not being or purporting to be for the benefit of all creditors, but only for such as might accede thereto and making no pretense of compliance with the Bulk Sales Act [Cal. Ill. St. Supp. 1916, ¶ 10021 (1) *et seq.*], *held* in violation of such statute and void.

---

### Malcom J. Neer, Defendant in Error, v. Edward B. Pryor, Receiver, Plaintiff in Error.

#### (Not to be reported in full.)

Error to the Circuit Court of Champaign county; the Hon. FRANK-LIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 13, 1915.

#### Statement of the Case.

Action by Malcom J. Neer, plaintiff, against Edward B. Pryor, receiver of the Wabash Railroad Company, defendant, for personal injuries. To review a judgment for plaintiff, defendant prosecutes a writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.