THE RICE-STIX DRY GOODS COMPANY, Appellant, *vs.* W. S. ALBRECHT & CO.—(ALMA HOFFINGER, Appellee.)

*Opinion filed June 22, 1916.*

1. ATTACHMENT—*one who interpleads is not required to have the entire title.* Under the Attachment act, which permits any person claiming title or interest in the attached property to interplead, it is not essential that the interpleader have the entire title, as the plaintiff in attachment cannot subject property to payment of a debt unless it belongs to the debtor.

2. SAME—*when real estate is not subject to attachment.* Where a daughter is given her mother's real estate by will upon consideration that she execute notes to each of her three sisters payable within ten years after the death of the testatrix and also that she pay them each a certain sum of money, a conveyance of the real estate by the devisee, made in good faith to secure the performance of her agreement with the testatrix, will be upheld as against a creditor of the grantor who attaches the real estate before obtaining a judgment against her.

3. DEBTOR AND CREDITOR—*debtor may in good faith prefer one creditor over others.* A debtor in failing circumstances may prefer one or more *bona fide* creditors over others, provided the preferment is made in good faith for the purpose of discharging or securing the preferred indebtedness.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

MONTAGUE LYON, S. L. SWARTS, L. D. TURNER, and R. D. W. HOLDER, for appellant.

BARTHEL, FARMER & KLINGEL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an attachment proceeding brought in the circuit court of St. Clair county by appellant, the Rice-Stix Dry Goods Company, concerning a debt owed by W. S. Albrecht & Co., a partnership conducting a dry goods business at Terre Haute, Indiana. Appellee, Alma Hoffinger, interpleaded, claiming ownership of the real estate attached.

After the pleadings were settled, the cause, by agreement, was heard by the court and a judgment entered in favor of the interpleader. An appeal was taken directly to this court, as a freehold is involved.

The real estate in question consists of a tract of land in Belleville, Illinois, improved by a residence. It was formerly owned by Catherine B. Steubinger, having been left her by the will of her husband. Mrs. Steubinger had four children: Mrs. Lena Albrecht, of Terre Haute, Indiana, Mrs. Laura Brady, of Columbus, Ohio, Mrs. Alma Hoffinger, of St. Louis, Missouri, and Miss Ida Steubinger, of Terre Haute, Indiana. Mrs. Steubinger lived with her daughter Ida at Terre Haute at the time of her death, in August, 1914, and for a number of years prior thereto. W. S. Albrecht, the husband of Lena Albrecht and brother-in-law of the other three daughters, had been in the dry goods business since the early 80's in Terre Haute. Ida went there and was employed for several years as book-keeper by the firm of which Albrecht was a member. About 1897 she acquired an interest in the business but remained in the employment of the firm as book-keeper. It appears from her testimony that Ida had loaned her mother money from time to time, and that Mrs. Steubinger, several years before her death, had deeded the property here in question to Ida and that later Ida deeded it back to her mother. The details of these earlier transactions between Ida and her mother, in our judgment, have no direct bearing on the question here in issue, hence we will not refer to them further. In October, 1913, Mrs. Steubinger, being then about eighty-eight years old and somewhat feeble, desired to make a final arrangement of her business affairs. A family consultation was held at Terre Haute, all of the daughters except Mrs. Brady being present. It was agreed that Ida should give each of her sisters a note for $2000 signed by her, payable within ten years after the mother's death, and should also pay each sister an additional $2000.

These latter payments rested only upon Ida's verbal promise. Apparently at this time Ida owed her mother some $6000. The mother executed a will, giving her daughter Ida substantially all her real and personal property, including the real estate here in question. The will contains a recital that "in view of the advancements made to my beloved daughter, Lena S. Albrecht, of Terre Haute, Indiana, Laura Brady, of Columbus, Ohio, and Alma Hoffinger, of St. Louis, Missouri, they shall take nothing by this my last will." The testimony on behalf of appellee was to the effect that these "advancements" mentioned in the will referred to the notes and the promises by Ida, above mentioned. After Mrs. Steubinger's death, August 1, 1914, the will was probated and Ida took record title to these premises. She retired from the firm of W. S. Albrecht & Co. as a member February 1, 1914, and thereafter was connected with it as book-keeper, only, though apparently no business announcement was made of the fact that she had so retired. In the early part of 1915 Albrecht's firm was financially embarrassed. Ida, desiring to assist her brother-in-law, started for Belleville, Illinois, to make a loan of $6000 on this real estate, intending to let Albrecht have the money to tide over his financial troubles. As Belleville is only a short distance from St. Louis and the latter city can be more readily reached by direct line from Terre Haute, she went to St. Louis to stop over night with her sister, Mrs. Hoffinger, before going to Belleville. While there Ida told her sister what she expected to do as to the loan, and Mrs. Hoffinger said, "Indeed you don't borrow that $6000 on that property; that property doesn't belong to you until you settle with the heirs; turn over the property to me and I will hold it in trust for the other two girls and myself." After some further discussion Ida agreed to do as requested, and the next day, January 30, 1915, the two sisters went to Belleville, where a deed was executed by Ida conveying to Mrs. Hoffinger these prem-

ises. The document was a simple warranty deed, making no mention of a trust, and was filed for record the same day. Both sisters testified that Mrs. Hoffinger was to take title as trustee for herself and her two sisters, Mrs. Albrecht and Mrs. Brady, in consideration of the cancellation of the three notes and the other indebtedness from Ida to the three sisters. The three notes, after being executed by Ida at the time her mother's will was drawn, were left by the sisters with Albrecht, to be kept for them in his private box. After the execution of the deed these three notes were given to Ida by Albrecht. After the present proceedings were begun and the attachment writ levied upon this property, by the advice of counsel Mrs. Hoffinger executed a written declaration of trust, stating that she held the property in trust for herself, Mrs. Brady and Mrs. Albrecht, in equal shares. While the testimony shows that Ida told Mrs. Hoffinger of Albrecht's financial embarrassment, there is nothing in the record to indicate that either of them believed that Ida, although no longer a member of the firm, was still liable for its debts or that this real estate was in danger of being levied on for that indebtedness.

Was the deed under which appellee claims title, void in this proceeding as a fraud upon the creditors of W. S. Albrecht & Co.? Ida Steubinger retired from the firm February 1, 1914. The attachment writ was issued August 11, 1915. As far as the record shows, the appellant company had no notice of her withdrawal. Assuming that she was liable on this indebtedness, still it was lawful for her to pay a debt in favor of one or more of her creditors in preference to the claims of other creditors. "A debtor in failing circumstances * * * may decide to prefer and pay one creditor to the exclusion of all others, or may by mortgage or deed of trust, or in other legal manner, secure the payment of his indebtedness to one creditor though he thereby hinders and delays his other unpreferred creditors in the collection of their claims, provided the payment is made or

security given with the intent, in good faith, to discharge
or secure the preferred claim." (*Nelson & Co.* v. *Leiter*,
190 Ill. 414.) The premises in question having been de-
vised to Ida Steubinger, defendant in attachment, pursuant
to an agreement by which she was to pay her sisters certain
sums of money, a court of equity would not permit her to
betray the confidence put in her by the testatrix, but would
raise a constructive trust in favor of her sisters even though
the agreement rested entirely in parol. (*Stahl* v. *Stahl*, 214
Ill. 131.) Beyond question, the property that Ida received
under the will would be held liable in equity not only for
the three notes, of $2000 each, that she had signed, but for
the $2000 that she had promised to pay each of her sisters.
There is not the slightest proof in the record that tends to
show that the deed from Ida to appellee was executed for
the purpose of hindering or delaying creditors. The testi-
mony of both Ida and her sister as to why the deed was
executed stands uncontradicted, and is entirely consistent in
itself and with all the other evidence found in the record.
Counsel for appellant practically concede this, but argue
that as a matter of law the deed was constructively fraudu-
lent as to the creditors, notwithstanding the intent of Ida in
executing it. This being so, appellant is in no position to
recover in this attachment proceeding. Constructive fraud
might justify the setting aside of a deed pursuant to a cred-
itor's bill where judgment had already been obtained, but in
the statutory remedy by attachment, the creditor, in order
to have the right to seize property in advance of an adjudi-
cation that the defendant is indebted to him, must prove
"that within two years prior to the filing of the affidavit he
[defendant] had been guilty of conveying his property with
the actual intent and purpose to fraudulently hinder or de-
lay his creditors in the collection of demands against him."
*Nelson & Co.* v. *Leiter, supra*, p. 417, and cases cited.

Our attachment statute permits any person claiming title
or interest in the attached property to interplead. (*Wilson*

v. *Kruse,* 270 Ill. 298.) Even though the interpleader did not have the entire equitable title to the property, it is immaterial, as the plaintiff could not subject the property to the debt unless it belonged to the debtor. *Hollenback* v. *Todd,* 119 Ill. 543.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*