**Danville Auburn Auto Company, Appellee, v. National Trust & Credit Company, Appellant.**

·1. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 29*—*what is effect of National Bankruptcy Act.* The statute in reference to voluntary assignments for the benefit of creditors was suspended by the National Bankruptcy Act of 1898, but a debtor may still make a common-law assignment.

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 36*—*what is necessary element of.* One of the necessary elements of a voluntary assignment for the benefit of creditors is the implication of a trust and the intervention of a trustee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 5*—*when not voluntary*. Conveyances directly to creditors and not upon trusts are not voluntary assignments for the benefit of creditors.

4. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 32*—*when not binding as to person not party to agreement*. An agreement for the assignment by a debtor of all his personal and real property, entered into between the debtor, certain creditors and a third party as trustee, whereby the debtor agrees to convey and assign unto the trustee all his property for the benefit of such creditors and all other creditors acceding thereto, is void as against an existing creditor who is not a party thereto.

Appeal from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded with directions. Opinion filed July 15, 1918.

JOHN W. CREEKMUR, DONALD J. DEWOLFE and OLIVER D. MANN, for appellant.

ACTON & ACTON, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

On August 26, 1913, Ross C. Kiningham as party of the first part and a large number of creditors, "being creditors of said debtor, and all other creditors of said debtor acceding thereto, hereinafter called the 'creditors,' party of the second part, and C. M. Kiningham," called the "trustee," party of the third part, entered into a written agreement whereby Ross C. Kiningham agreed to convey and assign unto said trustee all the real and personal property, credits and effects of said debtor for the benefit of said creditors and all other creditors acceding thereto. Subsequently, a bill of sale of all the personal property and a warranty deed of all the real estate were executed by Ross C. Kiningham to the trustee in accordance with the trust agreement. The trust agreement provides for an executive

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

118    APPELLATE COURTS OF ILLINOIS.

Danville Auburn Auto Co. v. Natl. Tr. & C. Co., 212 Ill. App. 116.

committee of the creditors, who shall advise and direct the trustee in his duties. It also provides that the trustee shall collect all accounts, bills receivable, and other evidences of indebtedness belonging to said debtor, and shall sell and convert all the real and personal property into cash and distribute the proceeds thereof pro rata among the creditors. In the preamble in the trust agreement it is stated that said creditors have agreed with the said debtor and mutually with the others to accept these presents in satisfaction of their debts, and to execute releases therefor. In paragraph 9 of the trust agreement it is set out that in consideration of the premises, ''The said creditors respectively hereby release the said debtor from the said debts,'' etc.

At and prior to the time of the execution of the trust agreement, Ross C. Kiningham was indebted to appellant upon a promissory note for the principal sum of $1,000. Suit was brought upon this note and on the first trial a judgment was rendered against appellant and in favor of Kiningham. This judgment was reversed by this court and the cause remanded for another trial. (*National Trust & Credit Co. v. Kiningham*, 201 Ill. App. 78.) On the second trial of the cause, judgment was rendered in favor of appellant and against Kiningham for the sum of $1,094.54 and costs.

Appellant never became a party to said trust agreement nor acceded thereto. On September 1, 1916, the Danville Auburn Auto Company, appellee, and one of the creditors who became a party to said trust agreement, filed its bill in the Circuit Court of Vermilion county, setting out the trust agreement and the other facts surrounding the assignment, and averring that all the personal property has been disposed of by the trustee and nothing remains to be done under said trust agreement or assignment but to dispose of the real estate and to distribute the proceeds thereof;

that the trustee has since died testate, leaving a widow and several children as his heirs at law, and that two executors have been appointed and have qualified as such under the will of the deceased; that the court should declare that said trustee at the time of his death held said real estate in trust as aforesaid and impress said trust thereon and direct the master in chancery to sell said real estate and distribute the proceeds in accordance with the trust agreement. Subsequently, the bill was amended by making appellant a party thereto. Appellant filed its answer, setting up its judgment and the levy of the execution issued by virtue thereof upon the real estate in question, and avers that said trust agreement and assignment were void as against it and that said trustee had wrongfully disposed of the personal property. Appellant also filed a cross-bill which, as amended, averred that the trust agreement as against the appellant had been adjudicated to be void by the judgment of the Appellate Court in the case of *National Trust & Credit Co. v. Kiningham, supra;* that the deed of said real estate to said trustee was without consideration and void as to appellant and that the heirs of the trustee hold title thereto for the benefit of appellant, and substantially the same allegations are made in regard to the bill of sale of the personal property to the trustee; that the said executors should account for the value of the goods and chattels disposed of by C. M. Kiningham in his lifetime, as such trustee; that said trustee in his lifetime wrongfully turned over certain goods and chattels and accounts and the proceeds thereof to certain of the creditors and that the latter should be required to answer fully the amounts of money and the property which they received from said trustee, and that an accounting should be had in regard thereto.

A demurrer was interposed to the cross-bill and sustained. A decree was entered impressing the trust

upon the real estate, ordering the master to sell the same and distribute the proceeds.

The statute of this State in reference to voluntary assignments for the benefit of creditors was suspended by the National Bankruptcy Act passed in 1898, but a debtor may still make a common-law assignment for the benefit of his creditors. *Pogue v. Rowe,* 236 Ill. 157. It is claimed by appellee that the trust agreement, and the conveyances of the real and personal property by virtue thereof, did not constitute a common-law assignment for the benefit of the creditors of Kiningham but were intended only to give a preference to certain creditors which a debtor in failing circumstances had a right to do. *Rice-Stix Dry Goods Co. v. W. S. Albrecht & Co.,* 273 Ill. 447; *Murray Nelson & Co. v. Leiter,* 190 Ill. 414. One of the necessary elements of a voluntary assignment for the benefit of creditors is the implication of a trust and the intervention of a trustee. Conveyances directly to creditors and not upon trusts are not such voluntary assignments. *Weber v. Mick,* 131 Ill. 520; *Walker v. Ross,* 150 Ill. 50. The trust agreement in this case provides, in substance, that it is for the benefit of all the creditors who might accede to its terms. In the case of *Ramsdell v. Sigerson,* 7 Ill. (2 Gilm.) 78, a very similar agreement was under consideration and had a provision therein that the creditors named should release their demands against the debtor without full payment of the same. The same argument was advanced in that case as in this, that the debtor had a right to prefer one or more of his creditors, but the court held: "* * * And although the right of a failing debtor to prefer one or more of his creditors by deed of assignment, if properly executed and without fraud, is fully recognized as law by this court, still, if it contains a condition of release without provision for full payment of the demands of his creditors, it will be considered fraudulent and void in re-

gard to all such creditors as are not parties to it, and will not prevent them from proceeding to judgment and execution, as though no such assignment had been made, as long as the property remains in the possession of the assignors or assignees of such an assignment." In the case of *Conkling v. Carson,* 11 Ill. 503, the trust agreement contained a provision that the creditors accepted the property assigned in full payment of their debts and was for the benefit of all creditors who should thereafter execute or accede to the same, and it was held to be void as against existing creditors who were not parties thereto and it was said: "The law does not allow a debtor to impose such harsh and onerous conditions upon his creditors. A debtor in failing circumstances has an undoubted right under the laws of this State to prefer one creditor to another, and to provide for the preference, by assigning his effects; but he is not permitted to say to any of his creditors that they shall not participate. in his present estate, unless they will release all right to satisfy the residue of their debts out of his future acquisitions." To the same effect also is *Howell v. Edgar,* 4 Ill. (3 Scam.) 417.

It is apparent that this trust agreement, whether intended as an assignment for the benefit of all the creditors or as a preference to those who executed it or acceded thereto, is void as to those creditors who are not parties thereto. And in so far as the attempted conveyance of the personal property was concerned without any attempt to comply with the provisions of the Bulk Sales Act, it was void for that reason also, and was so held in *National Trust & Credit Co. v. Kiningham, supra.*

The decree of the Circuit Court is reversed and the cause remanded with directions to overrule the demurrer to the cross-bill and for such other proceedings consistent with the opinion herein expressed.

*Reversed and remanded with directions.*