United Paper & Trading Company, Inc., for use of Parodi, Erminio & Company, Inc., Appellee, v. Ernest H. Allen (Garnishee), Appellant.

## Gen. No. 26,332.

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—*when creditor participating in meeting may attack.* A creditor corporation which, through its representative, attended a meeting of the creditors of a debtor corporation, was not estopped from avoiding an assignment for the benefit of the creditors of such debtor made pursuant to such meeting, where the proceedings at such meeting were indefinite, uncertain and contradictory and therefore not of such a character as to charge such representative with full knowledge of the facts; and the creditor in question was not estopped from avoiding such assignment.

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS—*when void as against creditor not party thereto.* An agreement between a debtor as first party, the defendant garnishee as second party and the several individuals, etc., denominated as creditors of first party, as third party, signed by first and second parties, but not by plaintiff creditor, assigning all assets of first party to second party as trustee for the benefit of the creditors who were parties to the instrument, and providing for a conversion of the property into money and for the payment of the expenses of the trusteeship, and setting up that the third parties agreed not to attempt to enforce or obtain payment of their demands during the continuance of the trust, and to relinquish their rights in the property if they did so

attempt, was covered by the Bulk Sales Act, as it was the evident intention to so dispose of the property that it should be taken from the general creditors, and was void as against a creditor who was not a party to the transaction.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES F. McKINLEY, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1920.   Affirmed.   Opinion filed November 1, 1921.

ALLEN, WARD & MYERS, for appellant; SAMUEL M. MYERS and GILBERT F. WAGNER, of counsel.

HAROLD E. DURHAM and EDWARD H. S. MARTIN, for appellee.

MR. JUSTICE MORRILL delivered the opinion of the court.

Judgment was rendered in the municipal court against the appellant as garnishee. The garnishment proceedings were commenced after judgment had been obtained against the original defendant, United Paper & Trading Company, Inc., the appellee. The case was heard by the court without a jury and judgment was entered against the garnishee for $650.24, a reversal of which is now sought. The record shows that before the entry of the judgment, which was the basis of the garnishment proceedings, there had been an attachment in aid based upon an affidavit alleging that the United Paper & Trading Company, Inc., had transferred its property to defraud creditors. In the original proceedings the defendant traversed the attachment and the present garnishee, Ernest H. Allen, filed an interplea claiming the property attached, free from the lien of the writ. The attachment issues were found in favor of the defendant and the attachment was quashed, but judgment was rendered in favor of the plaintiff against the original defendant for the debt. The quashing of the attachment writ had rendered unnecessary any decision upon the merits of the interplea.

Subsequently garnishment proceedings were instituted under the judgment against Ernest H. Allen, the garnishee, who was held liable for the debt. His liability is based upon the theory that he received and converted into money all of the property of the original defendant under an instrument designated as a common-law assignment for the benefit of creditors, and that this transfer to him was fraudulent in law because of the failure of the vendor, the original debtor, to comply with the Bulk Sales Law and because of sundry provisions of the instrument itself, which were prejudicial to creditors.

It is now contended by the appellant that a representative of the original creditor, Parodi, Erminio & Company, Inc., at a meeting of the creditors of the debtor corporation, held on December 6, 1919, and with a full knowledge of the facts, assented to the assignment and is thereby estopped from avoiding the same. This knowledge and assent is denied by the representative who is alleged to have had the knowledge and given the assent, and his version of the proceedings which took place at the creditor's meeting seem to have received the sanction of the trial court. We are not satisfied that the proceedings at the creditor's meeting were of such a character as to charge this witness and representative of the original creditor with a full knowledge of the facts, and for that reason we are of the opinion that there could have been no waiver or estoppel on his part or on the part of the corporation represented by him. It is indispensable that an estoppel of this character be based upon a full knowledge of the facts by the party estopped, which does not appear to have been the case here. The testimony as to the proceedings at the creditor's meeting was indefinite, uncertain and contradictory. Under such circumstances, the conclusions of the trial court should not be disturbed.

The instrument under which the garnishee claims to

be entitled to the possession of the goods and chattels in question was an agreement dated December 3, 1919, between the United Paper & Trading Company, a corporation, party of the first part, E. H. Allen, the present garnishee, party of the second part, and ''the several individuals, copartnerships, firms and corporations being creditors of said party,'' who are denominated parties of the third part. It recites that the party of the first part is indebted to the parties of the third part in divers sums of money and is unable to discharge these debts as they become due; that it is desirable that the party of the first part shall transfer its property to said Allen to the end that he may sell and dispose of the same for the purposes thereinafter stated; that the said Allen is willing to discharge the duties and obligations imposed upon him by the instrument. By this instrument the party of the first part conveyed, assigned and transferred to the party of the second part all of its property, to be held by the party of the second part as trustee for the other parties thereto. It was stipulated by said instrument that the property should be converted into money by the second party or under his directions at such times and in such manner as he deemed to be for the best interests of the other parties, and the second party was authorized to pay the expenses of the ''trusteeship'' and deduct the sum from the moneys collected as aforesaid. The parties of the third part, creditors of the party of the first part, agreed that they would not attempt to enforce or obtain payment of their respective demands by legal proceedings or otherwise during the continuance of this trust and that if they or either of them should at any time, during the continuance of said trust, attempt in any way to force payment of their respective debts, then they should thereby severally relinquish all right, title and interest in the property of the party of the first part covered by the instrument. The

instrument was signed by the United Trading & Paper Company and by E. H. Allen, but has no signatures of any creditors and no list is furnished of creditors who agreed to the transaction.

The record does not disclose any attempt to comply with the Bulk Sales Law of this State. It is contended by appellant that such compliance was unnecessary and that property in the hands of an assignee for the purpose of paying creditors cannot be reached by attachment or garnishment process. It will be noted that the instrument in question was not for the benefit of all of the creditors of the debtor corporation but was intended to protect the interest of only those creditors who assented to its terms. No evidence is furnished as to the number or names of assenting creditors or the amounts of their respective claims. Similar questions were passed upon in the case of *Traeger v. National Surety Co.*, 212 Ill. App. 267, in which there was a conveyance of sundry merchandise for the purpose of selling the same and distributing the proceeds among the creditors of the vendor, a transaction like the present one, manifestly out of the ordinary course of trade. The court held that the transaction was covered by the Bulk Sales Act, it being the evident intention to so dispose of the merchandise in question that it should be taken away from the creditors in general. In the case at bar the transaction was of the same character, except that it was on its face not for the benefit of *all the creditors*. The original creditor in this case did not give his assent to the transaction either by signing the document in question or in any other manner. In fact, it does not affirmatively appear that any creditors, other than those constituting the so-called creditor's committee, assented to the arrangement. It therefore follows that the agreement in question, which provided for the assignment by the debtor of all of its property for the benefit of the creditors who were parties to the

instrument, was void as against the original creditor, who was not a party to the transaction. *Danville Auburn Auto Co. v. National Trust & Credit Co.*, 212 Ill. App. 116. We are of the opinion that the transaction evidenced by the instrument under which the garnishee claims title to the assets of the debtor corporation was fraudulent in law on account of the failure of the parties thereto to comply with the provisions of the Bulk Sales Act. It is undoubtedly true that such fraud in law or constructive fraud would not afford ground for attachment, and that therefore the original attachment in aid was properly quashed (*Weare Commission Co. v. Druley,* 156 Ill. 25), but this fact does not relieve the assignee from liability to a judgment creditor of the assignor under garnishment proceedings. The goods and chattels of the debtor corporation were obtained by the garnishee under a transaction contrary to the provisions of the Bulk Sales Act, and therefore void as to the original creditor and subject to garnishment proceedings in its behalf. *Cohn v. Malo,* 198 Ill. App. 538.

It is also brought to our attention that no questions of law were preserved for a review, that there were no rulings at the garnishment trial as to the admission or exclusion of evidence, no propositions of law submitted or ruled on and no reason given in support of the motion in arrest of judgment, thereby leaving no questions of law or fact preserved for review. This contention seems to be meritorious, but in view of the conclusions which we have reached concerning the merits of the case upon the garnishment issue, we do not deem it necessary to base our decisions upon the defective state of the record above indicated nor to discuss in detail the questions raised by appellee in respect thereto.

The judgment of the municipal court is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.