Tibbitts-Hewitt Grocery Company, Plaintiff in Error,
v. Sam Cohen et al., Defendants in Error.

Heard in this court at the May term, 1930. Opinion filed January 19, 1931.

ROBERT F. WHITE and JOHN V. LEE, for plaintiff in error.

GRIFFITH & LUEDERS, for defendants in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Sam Cohen, a retail grocer at Venice, Illinois, made a common-law assignment to a trustee for the benefit of his creditors. The trustee sold the property to G. T. Chappee, who conducted the store, buying other goods and selling in the usual course of business, for

40 days, when plaintiff in error caused an attachment to be levied upon the entire stock. Chappee intervened and claimed the property and the trial of that issue resulted in a judgment in his favor. At the time the assignment was made the provisions of the Bulk Sales Act, Cahill's St. ch. 121a, ¶ 1 *et seq.*, were not complied with and for that reason plaintiff in error contends that the assignment was null and void.

The Bulk Sales law was enacted for the protection of creditors. We know of nothing that would more fully protect creditors than an assignment for their benefit. That being true, it was unnecessary to comply with the provisions of that act. *Cardiff Gypsum Plaster Co. v. Hales Coal & Material Co.*, 239 Ill. App. 16. The assignment contained some provisions which would render it voidable so long as the property remained in the hands of the trustee, but when he sold it to Chappee, a bona fide purchaser, plaintiff in error lost its right to avoid the assignment. *Ramsdell v. Sigerson*, 7 Ill. 78; *Conkling v. Carson*, 11 Ill. 503.

The undisputed evidence shows that plaintiff in error wanted Cohen to make an assignment on the morning of the day it was made. After it was made the attorney for plaintiff in error, knowing of the fact, requested the trustee to do all he could to get Cohen's relatives to waive their claims. The trustee made the effort but was unsuccessful. Two weeks before the trustee sold the property to Chappee, plaintiff in error was advised that the same was to be sold. The trustee sent plaintiff in error a check for its pro rata share of the proceeds on January 8, 1929, and while the check had not been cashed on May 28, 1929, the date of the trial, it had not been returned. Under the evidence in the record, plaintiff in error is in no position to insist that the assignment was void. The judgment is affirmed.

*Affirmed.*