NATIONAL GROCER CO. *v.* PLOTLER.

1. FRAUDULENT CONVEYANCES — SALES IN BULK — STATUTES — ESTOPPEL — DEBTOR AND CREDITOR.

An estoppel to treat as void under the bulk sales act a transfer of a stock of merchandise by a debtor of plaintiff is not made out under evidence that the purchaser over the telephone informed plaintiff that he was about to purchase the debtor's stock and would deposit with a third party sufficient funds to protect the creditors, who could go to the depositary and obtain their money, the evidence showing conclusively that the funds were deposited in a bank and the debtor allowed to check them out and that plaintiff received nothing.[1]

2. SAME — LIABILITY IN GARNISHMENT.

Defendant was liable to plaintiff for the amount of his debt which the value of the stock transferred was sufficient to pay; plaintiff was not limited to such proportion of his debt as the value of the merchandise bore to the entire indebtedness.

[1] As to statutory requirements on sale of stock of goods in bulk, see note in 2 L. R. A. (N. S.) 331.

Error to Wexford; Lamb, J. Submitted October 9, 1911. (Docket No. 198.) Decided December 8, 1911.

Garnishment by the National Grocer Company against Robert Plotler upon an account and indebtedness of George Hanna, principal defendant. A judgment for plaintiff on a verdict directed by the court is reviewed by the garnishee defendant on writ of error. Affirmed.

*Gaffney & Miltner,* for appellant.

*W. H. Yearnd,* for appellee.

BROOKE, J. The garnishee defendant reviews by writ of error a judgment against him upon a directed verdict.

Plaintiff, having secured a judgment against the principal defendant in the sum of $217.23, sued out a writ of garnishment against Plotler, as garnishee of Hanna. Plotler disclosed no liability. Upon the trial of the issue, it appeared that Plotler had purchased from Hanna a stock of general merchandise, in bulk, without complying with the provisions of the statute (Act No. 223, Pub. Acts 1905) relative to sales in bulk. It further appeared that the judgment against the principal defendant represented a merchandise debt due from him to plaintiff at the time the sale was made.

The inventory of the stock amounted to $1,251.30. Of this amount, Plotler retained $500, to apply upon a debt due from Hanna to himself, and the balance ($751.30) he paid over by agreement with Hanna to one Dixon, the cashier of the Thompsonville Bank, in which bank said sum was to be deposited to Hanna's credit. The money was so deposited, and was paid out upon the checks of Hanna to his creditors, other than the plaintiff. It was urged by the garnishee defendant upon the trial, and he now insists, that the plaintiff should not be permitted to recover, because it had given its assent to the sale and the payment of the money by Plotler to Dixon. Plotler testified:

"I called up Mr. Brooks, of the National Grocer Company, and I said: 'Mr. Brooks, I am buying Mr. Hanna out, and I want to know how much he owes you.' He said, 'Hold the phone, and I will see.' I did so, and he came back and said it was $199 and some cents. I said, 'Would it be all right if I paid over the money to Mr. Dixon, to protect the creditors, and you can go and get your money?' and he said, 'All right,' and so I did, under his instructions."

Assuming that this conversation is correctly detailed by defendant, what is its effect? Brooks simply consented that defendant should pay the purchase price to Dixon to protect the creditors, upon the understanding that he could go to Dixon and get his money. Plotler did not pay the money to Dixon to protect the creditors, but paid it to be placed to the credit of Hanna, who checked it out at will, so that Brooks was unable to secure payment of his claim, as Plotler had assured him he could do. Plaintiff has done nothing, even giving the most favorable construction possible to defendant's testimony, which would prevent it from taking advantage of the statute. *Marquette County Sav. Bank* v. *Koivisto*, 162 Mich. 560 (127 N. W. 680).

It is next urged that plaintiff in any event was not entitled to recover from Plotler the full amount of its judgment against Hanna, but only such proportion thereof as the value of the goods bore to the total amount of Hanna's indebtedness, the amount of which appeared to be $1,437.88, while the value of the goods sold was but $1,251.30. The statute makes the sale absolutely void as against creditors, unless its conditions are complied with. In effect, therefore, at the time of the service of the writ upon him, the garnishee defendant had in his possession the entire stock of goods belonging to the principal defendant. We have held garnishment proceedings proper under this statute. *Spurr* v. *Travis*, 145 Mich. 721 (108 N. W. 1090, 116 Am. St. Rep. 330); *Musselman Grocer Co.* v. *Kidd, Dater & Price Co.*, 151 Mich. 478 (115 N. W. 409); *Marquette County Sav. Bank* v. *Koivisto, supra.* In

*Musselman Co.* v. *Kidd, Dater & Price Co., supra,* this point was considered and determined against the contention of defendant.

The judgment is affirmed.

OSTRANDER, C. J., and STEERE, MOORE, and STONE, JJ., concurred.