ALLISON & HYDE *v.* WILLIAMS.[*]

(Division A. April 26, 1926.)

[108 So. 142.  No. 25681.]

DAMAGES.  *Fraudulent conveyances.  In suit based on violation of Bulk Sales Law (Laws 1908, chapter 100), plaintiff must allege and prove fair market value of goods alleged to have been unlawfully sold without notice to creditors, and, in absence of defense, plaintiff must impanel jury on writ of inquiry to ascertain fair market value (Hemingway's Code, section 599 [Code 1906, section 811]).*

In suit based on alleged violation of Bulk Sales Law (Laws 1908, chapter 100), because of failure of purchaser to give notice to seller's creditors, fair market value of goods alleged to have been unlawfully sold must be alleged and proved, and, even though no defense was interposed, jury should have been impaneled on writ of inquiry to ascertain fair market value, in view of Hemingway's Code, section 599 (Code 1906, section 811).

[*]Corpus Juris-Cyc References: Damages, 17CJ, p. 1042, n. 43; p. 1048, n. 45. Fraudulent Conveyances, 27CJ, p. 886, n. 81, 82; p. 892, n. 99 New, 12 New; Notice to creditors under Bulk Sales Law, see note in L.R.A. 1917F, 230; 12 R.C.L. 525; 3 R.C.L. Supp. 1443.

APPEAL from circuit court of Tallahatchie county, second district.

HON. GREEK L. RICE, Judge.

Suit by R. E. Williams against Allison & Hyde. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

*Woods & Kuykendall,* for appellants.

I.  *This is an appeal from a judgment by default and the judgment shows that no proof was before the court below.*  The judgment was taken and entered without a writ of inquiry. No proof having been introduced, nothing can be presumed in aid of the judgment except such presumptions as will arise from the bare record before the court. Judgments by default are not favored. See *Holder Turpentine Co.* v. *Kiser* (Fla.), 67 So. 85.

II.  *Default judgment is dependent on a statute and section 599, Hemingway's Code, is plain.*

III.  *The pleadings will not support a judgment. The declaration does not state a cause of action.*  The declaration nowhere states that the goods sold by Murphy, the debtor, to Allison and Hyde were of equal value with the debt due to the plaintiff and in no case can a recovery of the creditor against a purchaser under the violated Bulk Sales Law exceed the value of the goods bought by the purchaser. The failure of the declaration or the proof to show that the goods which Allison and Hyde bought from Murphy equalled or exceeded the amount due Williams, for which judgment was taken, is fatal to the judgment taken. *Fechheimer-Keiffer Co.* v. *Burton* (Tenn.), 164 S. W. 1179, 51 L. R. A. (N. S.) 343; *Stuart* v. *Elk Horn, etc., Co.,* 123 Ark. 285, 185 S. W. 263, Ann. Cas. 1918-A 268; *International Shoe Co.* v. *Gunn,* 121 Miss. 679; *Daly* v. *Sumpter Drug Co.,* 127 Tenn. 412, 155 S. W. 176, Ann. Cas. 1914-B 1101.

The elements going to make the right of Williams, if he has such right, to recover must be: (1) A debt due

by the fraudulent seller; (2) A sale in violation of the Bulk Sales Law; (3) His recovery is limited to the value of the goods sold in violatioin of the Bulk Sales Law. The assertion of each of these facts and proof in support thereof is requisite to the recovery of a judgment in this case. The judgment must fail for the reason that the declaration nowhere sets up the acts in violation of the Bulk Sales Law. *Odom* v. *G. & S. I. R. R. Co.,* 101 Miss. 642; *Reid* v. *Gregory,* 78 Miss. 247; *Smith* v. *Gardner Hdw. Co.,* 83 Miss. 654.

IV. *The judgment on its face shows that no proof was introduced and the judgment must stand or fall on the declaration alone.* See section 1627, Code of 1880 (section 1978, Code of 1906) which authorizes the plaintiff who sues on an open account to make oath to the correctness of the account and gives to such sworn account the character of evidence, is not applicable except in cases where the action arose *ex contractu.* *I. C. R. R. Co.* v. *Andrews,* 61 Miss. 474; *Adams* v. *Ins. Co.,* 94 Miss. 435, quoting from *American Surety Co.* v. *U. S., etc.,* 76 Miss. 289; *R. R. Co.* v. *Lumber Co.,* 111 Miss. 768.

V. *The record affirmatively shows that there was no proof as to any matter in this case and that no issue of fact was submitted to a jury and that there was no writ of inquiry.* *Buck* v. *Mosely & Mallory,* 24 Miss. 170.

VI. *The measure of damages for conversion of property is the value of the property at the time of the conversion with interest thereon to the time of the trial.* *Ingram-Day Lumber Co.* v. *Roberson,* 129 Miss. 365; *Stuart* v. *Elk Horn Bank,* 123 Ark. 285, 185 S. W. 263, Ann. Cas. 1918-A 268.

VII. *Under the pleadings in this case no damage further than nominal damages, if any damage at all, could be recovered.* *Kellogg* v. *Hamilton,* 10 So. 479.

VIII. *The judgment in this cause cannot stand without evidence or a writ of inquiry to establish the controverted issues of fact made by the pleadings.* Garnett v. Scott, 92 So. 408; *Miss. Cent. R. R. Co.* v. *Fort,* 44 Miss. 423; *Jenkins* v. *Wilkerson,* 76 Miss. 368; *Anderson* v. *Kelly,* 99 So. 382.

In our opinion the statute, section 599, Hemingway's Code, of itself is sufficient authority for the reversal of this case for the failure to submit the issue as to the amount for which Allison and Hyde could be held liable to account to Williams by reason of the violated Bulk Sales Law.

*M. F. Marshall,* for appellee.

The declaration states fully a cause of action in that it states that the defendants, Allison & Hyde, purchased the stock of goods belonging to Murphy and did not give notice to the creditors of Murphy as required by the Bulk Sales Law. This made Allison & Hyde liable directly to the plaintiff, R. C. Williams. *International Shoe Co.* v. *Gunn,* 121 Miss. 679.

This was not a case sounding in damages, but a direct conversion of the property of Murphy, making the convertors liable to the creditors of Murphy.

The amount of the account alleged was two hundred eighty-seven dollars and the declaration taken as a whole alleges in plain, concise terms that the stock of goods contained the goods which R. E. Williams sold to Murphy. If the stock of goods fraudulently sold was not worth the two hundred eighty-seven dollars as alleged in the declaration, it would have been enough for the defendants to have answered to that effect, and that certainly can be the only defense now.

It is complained that nowhere in the declaration is it alleged how much goods was transferred fraudulently. It certainly seems to us the part of affirmative defense upon the defendant in the lower court to show that the

amount of goods which they fraudulently received did not amount to as much as the two hundred eighty-seven dollars claimed by this creditor; and if that is true, then by the failure to make a defense the allegations of the declaration are sufficient.

We see no reason why a writ of inquiry would be absolutely necessary in this cause. An itemized account, sworn to, was attached to the declaration showing the items and amounts sold to Murphy. The declaration alleged that the whole stock of goods of Murphy was fraudulently sold to the defendants, Allison & Hyde; and that, therefore, the sale being fraudulent, Allison & Hyde became directly indebted to the plaintiff, R. E. Williams, for the amount of the sworn, itemized account.

The theory of the statute of frauds in the transfer of stocks of goods, known as the Bulk Sales Law, is that such sale was absolutely void. *Moore Dry Goods Co.* v. *Rowe,* 97 Miss. 775.

In such cases, the complainant has the right to proceed against the property, if it remained in the hands of the fraudulent vendee; or if disposed of by him, in whole or in part, he may be held liable for its value. It is on the theory of conversion of the property and upon such theory, it is certainly in the province of the defense to show that the property converted was not of the value claimed in the declaration.

Argued orally by *J. R. Kuykendall,* for appellants.

McGOWEN, J., delivered the opinion of the court.

This is an appeal from a judgment rendered by default by the circuit court of the first district of Tallahatchie county.

The declaration alleges that the defendant became indebted to the plaintiffs in the sum of two hundred eighty-seven dollars, in that Williams sold to one R. A. Murphy merchandise as per itemized account attached to the declaration, which account was headed:

"Charleston, Miss., Nov. 5, 1925.
"R. A. Murphy in account with R. E. Williams."

Then appear the items of the account showing the balance due as stated above, and an affidavit attached thereto that Murphy owes the account to Williams. However, the account and the affidavit thereto do not appear in the record, but it is conceded by both sides, so that we refer to it so that the case may be stated most strongly for the plaintiff.

Allison & Hyde's liability to Williams is fixed by the following allegations in the declaration:

"That the plaintiff, R. E. Williams, sold to one R. A. Murphy certain goods, wares, and merchandise, evidenced by sworn, itemized statement attached hereto, marked Exhibit A, and made a part hereof; and the said R. A. Murphy, who at that time owned and operated a store or merchandise business at or near Tippo, in the first district of Tallahatchie county, Miss., promised and agreed with the plaintiff to pay the price of said goods, wares, and merchandise as set forth on said Exhibit A; and, while acting as a merchant, the said R. A. Murphy was then and there indebted to the said R. E. Williams, in the said amount of said Exhibit A, at which time and at the dates first alleged herein, without having first complied with the law in such cases made and provided, known as the 'Bulk Sales Law,' the said defendants hereto purchased from the said R. A. Murphy the certain stock of goods, wares, and merchandise, together with the fixtures then and there situated in the store of the said R. A. Murphy aforesaid, and fraudulently appropriated the same to their own uses and purposes, and mingled the said stock of goods with the said defendants' goods.

"Whereupon, as plaintiff alleges, the defendants became by such action indebted to the plaintiff in the full sum of the account, Exhibit A hereto attached, occupying the place and stead of the said R. A. Murphy in regard to the payment of said account, having as aforesaid appropriated fraudulently and unlawfully the stock of

goods of the said Murphy against the 'Bulk Sales Law' in such cases made and provided, without due notice to the creditors of the said R. A. Murphy.

"Wherefore plaintiff brings this suit and demands judgment of the defendants in the said sum of two hundred eighty-seven dollars, with interest from the 10th of May, 1924, at the rate of six per cent., and all costs in this behalf expended."

The defendants were duly summoned to court and interposed no plea or defense, and a judgment upon this declaration without any proof being heard was rendered for the amount of the account, with accrued interest in favor of Williams against Allison & Hyde.

We are passing only upon the case presented to us here, and this case shall be authority only for the statement hereinafter set out. It will be noted that the declaration does not allege the fair market value of the stock of goods alleged in the declaration to have been sold by Murphy to Allison & Hyde, and this suit is based upon an alleged violation of the Bulk Sales Law (Laws 1908, chapter 100), and the failure of the purchaser to give notice of his purchase to the creditors of the seller.

We think it was necessary to allege and prove the fair market value of the stock of goods alleged to have been unlawfully sold by Murphy to Allison & Hyde. No such allegation appears in the declaration. The judgment shows on its face, as does the record, that no proof was offered. Consequently the maximum limit of a recovery based upon the violation of the Bulk Sales Law would be the fair market value of the stock of goods unlawfully sold not to exceed the amount of the account (section 599, Hemingway's Code [section 811, Code of 1906]); also for a construction of and liability under the Bulk Sales Law. (*Peters Branch International Shoe Co.* v. *Gunn,* 83 So. 742, 121 Miss. 679; *Daly* v. *Sumpter Drug Co.,* 155 S. W. 167, 127 Tenn. 412, Ann, Cas. 1914B, 1101).

Conceding for the purpose of settling this case that this was a proper proceeding, and that the declaration stated a cause of action, still it was incumbent upon the plain-

tiff to impanel a jury upon a writ of inquiry to ascertain the fair market value of the stock of goods, and the limit of his recovery would have been the amount of his account, if less than said fair market value.

*Reversed and remanded.*