MILLER-ALLAIRE Co. v. HUTCHERSON *et al.*[*]

(Division B. April 25, 1927. Suggestion of Error Overruled May 16, 1927.)

[112 So. 589. No. 26470.]

FRAUDULENT CONVEYANCES. *Trial. Creditor suing purchaser from debtor under Bulk Sales Law must allege and prove value of goods at time of sale; judgment based on peremptory instruction for purchaser sued under Bulk Sales Law on failure to allege and prove value of goods will be affirmed (Laws 1908, chapter 100: Hemingway's Code, section 3129 et seq.).*

Where a creditor sues a purchaser from a debtor under the Bulk
Sales Law (Laws of 1908, chapter 100; Hemingway's Code, sec-
tion 3129 et seq.), the declaration must allege the value of the
stock of goods sold at the time of the sale, and prove same on
the trial of the case. Where he fails to do so, and the trial
judge gives a peremptory instruction to find for the defendant,
the judgment will be affirmed.

*Corpus Juris-Cyc. References: Fraudulent Conveyances, 27CJ, p. 885,
n. 56, 67; p. 892, n. 99 New, 12 New; As to remedies of creditors where
sale is made in violation of Bulk Sales Law, see annotation in 39
L. R. A. (N. S.) 374; L. R. A. 1916B, 974; On right of creditor to
judgment for value of goods against transferee in violation of Bulk
Sales Law, see annotation in 41 A. L. R. 1478; 15 R. C. L. 529; 6 R. C.
L. Supp. 715.

APPEAL from circuit court of Kemper county.
Hon. J. I. STURDIVANT, Judge.

Action by the Miller-Allaire Company against H. G.
Hutcherson and others. From a judgment for defend-
ants, plaintiff appeals. Affirmed.

*S. M. Graham,* for appellant.

This appeal is based on the authority of this court in
*Wm. R. Moore Dry Goods Co.* v. *Rowe*, 99 Miss. 30, 54 So.
659; *Peters-Branch International Shoe Co.* v. *Gunn*, 121
Miss. 679, 83 So. 742. The statute must be so construed
as to prevent the mischief sought to be remedied in con-
nection with the terms of the statute. It will also be ob-
served from the very words of the opinion that valida-
tion of the sale of a stock of goods in bulk can be done in
only one way; and that is, by showing a compliance by
the seller as well as the purchaser, with subsections (a),
(b), and (c). As to the facts in this case, it has been
agreed in writing by counsel and filed herein as a part
of this record that the seller did not comply with sub-
section (b), and as a result the purchaser could not com-
ply with subsection (c); but the court said that they
both had to comply to make the sale valid.

It is shown in this case that the seller perpetrated a fraud against his creditors by not complying with subsection (b) of the Bulk Sales Law, which provides that before the sale is valid, the seller shall have made full and truthful answers to a demand for a list of his creditors, addresses and amounts due them.

The appellee takes comfort from the clause inserted in subsection (c) of the statute, to-wit: "Or with the exercise of reasonable diligence could have acquired knowledge;" that is, knowledge of any creditors not listed by the seller. That does not mean that if the seller fraudulently withholds a lot of names that the sale will be valid; nevertheless, the purchaser could not by the exercise of reasonable diligence learn the names of creditors not listed; for if that be true, then as already stated and argued, the law will be of no effect and the mischief sought to be remedied can still be practiced with impunity, as there will then be no limit to the number of creditors which the seller can fraudulently withhold from the purchaser and by keeping the purchaser in ignorance, the creditors may be defrauded as they have always been before the passage of the law.

Our view of that clause in subsection (c) is that it means that even though the seller in good faith attempted to give a complete list of his creditors, it was the purchaser's duty to make further inquiry and if by diligence he could learn of any creditors not listed, it became the purchaser's duty to deal with such in the same manner as the law required him to deal with the creditors whose names were listed. And if the opinion of the court referred to above does not mean what we think it means, then we are unable to understand the opinion.

The case should be affirmed as to Miss Pearl Kennon and should be reversed and judgment rendered as to H. G. Hutcherson, purchaser of the stock of goods in bulk, without the compliance by the seller and himself with the law relating to such sale and purchase.

*L. P. Spinks,* for appellee.

The only legal proposition involved is a construction of the Bulk Sales Law, section 3129, Hemingway's Code. The real issue is whether the purchaser of merchandise in bulk is liable under this act, even though he did all he could to comply with its requirements, involving directly subdivision (b) of the act. Counsel for appellant argues that the act makes it incumbent upon both seller and purchaser to comply literally with the act and that failure of the seller to comply with it, even though the purchaser complies with it in good faith literally, vitiates the sale. He cites *Wm. R. Moore Dry Goods Co.* v. *Rowe,* 99 Miss. 30, 54 So. 659; and *Peters-Branch of the International Shoe Co.* v. *Gunn,* 121 Miss. 679, 83 So. 742. On examination neither of these cases dispose of the exact issue involved herein, for the facts in each are different. We must, therefore, resort to a construction of subdivision (b) of the act in deciding the point involved here. In construing this statute, as all other statutes, we must look to the legislative intent as gathered from the act.

Where the purchaser does all in his power to comply with the statutes, acting in good faith, does the failure of the seller to comply literally with the statute vitiate the sale? We submit that it does not. The requirements of the statute, relative to sale, are *bi*-lateral, one set of requirements being enjoined upon the purchaser and the other on the seller. To constitute fraud in the transaction, it seems to us, there must be a common intent to contravene the statute, or failure common to both parties, seller and purchaser, to observe the requirements of the statute.

The effect of the appellant's construction could have been accomplished by simply stating in the statute that such sales shall be presumed to be fraudulent and void unless the purchaser shall have notified all the creditors of the seller of the proposed sale, etc. But this is not required of him. He is required to do two things: (1)

He must ask for a list of creditors, etc., of his seller; and (2) he must use diligence in trying to locate other creditors or to verify the truthfulness of the list as furnished by seller. The purpose of each requirement is to protect the creditors of the seller and the second requirement is an additional safeguard to creditors.

Again, if the construction as contended for by appellant should be sound, then the statute is tantamount to a prohibition of sales of merchandise in bulk, for certainly few indeed would consider such a purchase if in so doing they would entail or incur the liability contended for.

If the purchaser carries out the requirements enjoined upon him in good faith, he will not be held because of negligence or fraud practiced by the seller, of which he had no notice and to which he was in no wise a party.

Supplemental brief for appellee, by *L. P. Spinks.*

Since the brief for appellee herein was prepared and filed, the case of *Walton* v. *Walter Fisher Co.,* was decided 111 So. 364. If this case be followed, there will probably have to be a reversal of the court below.

It seems to us that the good faith of the purchaser in his efforts to comply with the statute is material, not his lack of *mala fides* or indifference as to the rights of creditors of the seller that counts; but if he actively endeavors to comply with the statute by demanding the list of creditors and exercising reasonable diligence to verify, as it were, the correctness of the list, then such should count. We think this is what the legislature intended when it put into the statute subdivision (c), the clause, "Or with the exercise of reasonable diligence could have acquired knowledge."

The Texas court in *Bewley* v. *Sims,* 145 S. W. 1076, said in construing the Texas statute which is very much like our own, "We think this section to be construed as meaning that a purchaser who in good faith observes

the directions of the act may purchase freely and in such case takes good title to the goods purchased free from attack by attachment or otherwise.''

The construction contended for is a reasonable one and does not do violence to former opinions of this court except the Walton-Fisher case.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was plaintiff in the court below, and brought suit against appellees, H. G. Hutcherson, J. C. Redditt, and Miss Pearl Kennon, for account of goods sold to J. C. Redditt & Co. It was alleged in the declaration that without compliance with the Bulk Sales Law they sold their stock of goods to the defendant Hutcherson, without giving Hutcherson a correct list of creditors, and without Hutcherson's giving five days' notice to complainants as required by law, and without paying this claim; but it did not allege the value of said stock of goods so sold. Redditt was not served with process, and Miss Kennon filed an affidavit that she was not a partner in the business, and therefore was not liable for the account. There was a peremptory instruction in the court below in favor of Hutcherson, and the issue as to partnership as against Miss Kennon was submitted to the jury, and the jury returned a verdict in her favor. Hutcherson filed a plea setting up that he had complied with the Bulk Sales Law, but it was agreed in the court below that Hutcherson did not give notice to the appellant as one of the creditors, and that he did not know of such creditor.

Proof on the part of Hutcherson was to the effect that he made inquiry, in good faith, as to the creditors, and that a list of creditors was furnished, but the appellant was not included in such list.

We have previously decided that a purchaser of a stock of goods in bulk buys at his peril, and that good faith in reliance upon a list furnished does not protect the pur-

chaser where the creditor of the seller is not furnished with notice. *Walton* v. *Walter Fisher Co.,* — Miss. —, 111 So. 364. In the present case, however, there was no allegation of the value of the stock of goods in the declaration, and this was necessary. *Allison & Hyde* v. *Williams,* 142 Miss. 825, 108 So. 142, in which the court held that, in a suit based on alleged violation of the Bulk Sales Law (Laws 1908, chapter 100; Hemingway's Code, section 3129), because of failure of purchaser to give notice to seller's creditors, the fair market value of goods alleged to have been unlawfully sold must be alleged and proved, and, even though no defense was interposed, jury should have been impaneled on writ of inquiry to ascertain fair market value. In the case of *McLendon* v. *People's Bank of Lumberton,* — Miss. —, 111 So. 843, we held that under a proceeding setting up a sale in violation of the Bulk Sales Law (Laws of 1908, chapter 100; Hemingway's Code, section 3129), it is necessary to allege and prove the value of the stock of goods at the time of the alleged sale. It may be that the peremptory instruction in favor of Hutcherson was based upon this failure to so allege. The party must stand upon the pleadings, and if he does not make a case in the pleadings, and lets the trial go to judgment, he cannot complain of the judgment against him where the defect is not cured by the statute of jeofail.

Consequently, the judgment of the court below must be affirmed.

*Affirmed.*