(No. 4981. October 26, 1928.)

WILLIAM H. MUSSELMAN and ROY C. EITEL, Doing Business Under the Name and Style of BILLZ SIGNZ COMPANY, Respondents, v. M. B. GROSSMAN, Appellant.

[271 Pac. 462.]

Holden & Coffin, for Appellant.

F. E. Tydeman, for Respondents.

BAKER, Commissioner.—Plaintiffs instituted this action to recover from the defendant certain sums claimed to be due to them from the Broadway Oriole. It is alleged the defendant purchased from the debtor its stock of goods in bulk and its fixtures not in the ordinary course of trade and that no effort was made to comply with the provisions of the Bulk Sales Law, C. S., sec. 5752 et seq. The amended complaint does not allege the value of the stock or fixtures or the amount of the purchase price. The defendant by answer denied generally the allegations of the amended complaint.

The plaintiffs offered testimony to the effect that they were creditors of the Broadway Oriole; that a sale was made to defendant and that other creditors, or some of them, were paid seventy-five per cent of the amount due and that after sale a part of plaintiffs' claim was paid. The evidence perhaps discloses that no affidavit, as contemplated by C. S., sec. 5752, was made. There was no proof of the value of the property or the amount paid by defendant. No evidence was offered by defendant. There were verdict and judgment in favor of the plaintiffs. Defendant has appealed.

C. S., sec. 5752, makes it the duty of one bargaining for or purchasing a stock of merchandise, in bulk, or fixtures otherwise than in the ordinary course of trade to demand

and receive from his vendor before making payment of the purchase price a sworn statement in writing of the names and addresses of the vendor's creditors, together with a statement of the amount due or to become due to each. C. S., sec. 5753, requires the purchaser to give detailed information and notice regarding the proposed sale to the creditors at least five days before making payment and declares a sale consummated in disregard of the requirements of the act to be fraudulent and void. The latter section further provides: "and said vendee shall be personally liable to any creditor or to all creditors of said vendor for their proportionate share of the purchase price of said business, whether the same has been paid by vendee to vendor or not."

It is contended by appellant that the amended complaint fails to state a cause of action in that it does not allege the amount of the purchase price paid by defendant or the value of the fixtures and stock; and that the evidence is insufficient for the same reason and for the further reasons that it does not establish a sale to defendant or that the affidavit was not demanded or furnished. The evidence is sufficient to show that a sale was made by the Broadway Oriole to the defendant and is, perhaps, sufficient to show that the affidavit was not demanded or furnished.

By the express provisions of said sec. 5753 a sale made without compliance with the statute passes no title to the vendee or purchaser and he is made personally liable to creditors, not for the amount due to them, but for their proportionate share of the purchase price. In such case the purchaser becomes a trustee for the creditors and is deemed to hold possession of property belonging to his vendor or to hold its equivalent value. (*Brown Shoe Co. v. Sacks*, 201 Mo. App. 360, 211 S. W. 133; *Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co.* (Tex. Civ. App.), 189 S. W. 784; *Owosso v. McIntosh*, 107 Tex. 307, 179 S. W. 257, L. R. A. 1916B, 970; *Stuart v. Elk Horn Bank & Trust Co.*, 123 Ark. 285, Ann. Cas. 1918A, 268, 185 S. W. 263; *Fitz Henry v. Hunter*, 33 Wash. 629, 74 Pac. 1003; *Friedman v. Branner*, 72 Wash. 338, 130 Pac. 360; *Burnett v. Trimmell*, 103 Kan.

130, 173 Pac. 6, L. R. A. 1918E, 1058; *Gazett v. Iola Co-operative M. Co.*, 164 Wis. 406, 160 N. W. 170; *Jaques & Tinsley Co. v. Carstarphen Warehouse Co.*, 131 Ga. 1, 62 S. E. 82; *National Grocer v. Plotter*, 167 Mich. 626, 133 N. W. 493.)

██ The creditor has, in such case, the right to pursue the property sold or to enforce the personal liability of the purchaser. Where the creditor seeks to subject the specific property transferred, its value is of no importance. However, the personal liability of the purchaser to all creditors cannot exceed the purchase price or the value of the property. (*Allison & Hyde v. Williams*, 142 Miss. 825, 108 So. 142; *Prins v. American Trust Co.*, 169 Ark. 455, 275 S. W. 914; *Stuart v. Elk Horn Bank & Trust Co., supra; Fecheimer-Keifer Co. v. Burton*, 128 Tenn. 682, 164 S. W. 1179.) In this respect the liability of the purchaser does not differ from that of any other person who converts to his own use the property of another.

█ In *Allison & Hyde v. Williams, supra*, it was distinctly held that the complaint should allege the value of the property sold. The court said:

"We think it was necessary to allege and prove the fair market value of the stock of goods alleged to have been unlawfully sold by Murphy to Allison and Hyde. No such allegation appears in the declaration. . . . . The maximum limit of recovery based upon the violation of the Bulk Sales Law would be the fair market value of the stock of goods unlawfully sold, not to exceed the amount of the account."

In, *McLendon v. People's Bank of Lumberton* (Miss.), 111 So. 843, the complaint failed to allege the value of the property. A demurrer was overruled. On the trial the plaintiff proved value in excess of its claim and the court peremptorily instructed the jury to return a verdict for plaintiff. The court, following *Allison & Hyde v. Williams*, reversed the case.

In this case there was neither allegation nor proof of value or price paid, which is the measure of defendant's personal liability.

It is recommended that the judgment be reversed, and that appellant recover costs other than cost of printing brief not filed within the time limited by the rules.

The foregoing is approved as the opinion of the court and the judgment is reversed; costs other than cost of printing brief not filed within the time limited by the rules to appellant.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., and Hartson, District Judge, concur.